CHICAGO, ST. LOUIS AND NEW ORLEANS R. R. CO. *v.*
FRANCES V. TROTTER.

RAILROADS. *Suit for personal injuries.   Instruction.   Skill and care.*
In an action against a railroad company to recover damages for injuries sustained by a party who fell from the platform of a car, which was standing at the depot, while attempting to enter the same as a passenger, it was error to instruct the jury, that if the fall "could have been averted by the skill or care of the defendant or its servants, the plaintiff was entitled to recover."

APPEAL from the Circuit Court of Montgomery County.
HON. C. H. CAMPBELL, Judge.

The appellee, while attempting to enter a passenger coach of the appellant company in the night time, fell from the platform of the car and received injuries on account of which she brought suit and recovered a verdict for seventy-five hundred dollars.    It was a starlight night in August.    The natural light was sufficient to en-

27

able persons to move about in any direction without difficulty. There were no lights (lamps) on the platform of the depot, but the cars were as well-lighted as passenger cars usually are. Other persons embarking at the same place and time with the appellee got on the train without difficulty. Appellee was an inexperienced country girl, who had never been on a train before. She got upon the platform of the car in a crowd, having in her hands a fan and a parasol, and while there took from her father a large hand trunk. And thus encumbered, in the confusion and excitement, slipped or was pushed off of the platform on the side opposite the one she had ascended, and falling down an embankment of several feet dislocated and permanently injured her arm. The train was not in motion at the time of the accident.

On the trial the court gave among others the following instructions for the plaintiff:

" (8.) The court instructs the jury that a railroad company as common carrier of passengers are required to have sufficient force of competent, skillful, and attentive servants to attend their trains with safety, and if the jury believe from the evidence that the plaintiff acted with ordinary prudence and the injury could have been averted by skill or care of defendant or defendant's servants, then such want of skill or attention is negligence on the part of the defendant, and the jury will find for the plaintiff."

" (9.) Railroad companies as common carriers of passengers are required to use the utmost care and skill for the preservation of the lives and limbs of all passengers, and the jury are authorized to consider in making up their verdict the character of the passenger, and if they believe from the evidence that plaintiff acted with ordinary prudence, and if they further believe from the evidence that the injury could have been averted or prevented by the exercise of skill and attention on the part of the defendant or their servants in receiving a female passenger on their trains, then the jury will find for the plaintiff."

The giving of these instructions is assigned for error.

*W. P. & J. B. Harris,* for the appellant.

The instructions granted by the court at the instance of the plain-

tiff were as a whole erroneous and misleading. In this case two things are to be considered.

1. The fact that *steam* was the motive power of the train has nothing to do with the condition of the depot, the grounds, nor the light. It was not in motion. The obligations of the carrier as to the station and the access to the cars were simply those of any other public carrier in the conditions then existing.

2. The passenger was *not* like a bale of goods delivered for transportation. She was to exercise her own will and intelligence. She was to appreciate the situation, to know where to enter and how to enter the cars. The intelligence and prudence of the passenger conspires to aid the carrier in the particular situation.

It is not true that in this situation the company was bound "to protect her from danger of every kind," in the language of the third instruction. She was, as the facts show, in danger, and only in danger, from her own ignorance and inexperience; and it will appear from another instruction that the jury were told that her case was one calling for *extra* care from the company.

The eighth instruction, by its terms and plain intent, gives no standard of "skill and care," but tells the jury that if the accident could have been averted by skill and care of defendants, then such want of skill and attention is negligence. "It is easy to be wise after the event. In such a case it is always a question whether the mischief could have been reasonably foreseen." In railroad cases the easy wisdom spoken of by Baron Bramwell is conspicuous in juries. Indeed, vicious as is the appeal to "after sight," it is the commonest error we commit. There is a proneness to fall into it. The court was wrong to slope the way, and leave the jury to fall into it or to resort to it by language which, unqualified and unexplained, permitted it. The conductor might have escorted the party with a lantern and opened the door for the ladies. Many things might have been done, as we now see, to avert or prevent the accident. The rule of law is, that the proposition propounded is sound only when accompanied by the explanation, "which skill and care might have averted, if it might reasonably have been *foreseen*." Without such qualifying words, the instruction is inherently wrong

in any case.   It is almost always the case that after an event we see how it might have been avoided by skill and care: but that is not the question.   Was the accident one which might fairly have been anticipated, and therefore provided for, by precautionary measures or general arrangements?

It is no answer to say that in this case the matter was want of light, and every one must be presumed to anticipate danger from it.   The court could not assume this fact.   It is not mentioned hypothetically.   Even the plaintiff's extreme ignorance of the arrangements for entering, her being put on the platform without *help* there and encumbered by her baggage, knowing nothing about doors, could not have been anticipated, and yet skill and care might have averted all ill consequences from them.   That these circumstances enter into the case is beyond question, and yet the jury might disregard them all as *legally excluded* by the court.

That an attempt was made to get the right rule before the jury by an *instruction* asked by the defendant is true; but the bad instruction goes with the right one, and the jury may take either, for the court thus declares the duty of determining which is the law on the jury.

The ninth instruction, in addition to the objectionable proposition of the eighth, contains the error of conveying to the jury the idea that extra attention was required as to "this female passenger."   On the former trial the instruction on this point, or on the duty of providing for female passengers generally as a class, used general terms, such as "all passengers," and "female passengers."   The evidence in the case proves that the plaintiff's "character" as a female passenger differed from others in the particular that she had never been inside of a car or on a train in her life.   The plaintiff's counsel sought and obtained an instruction that the particular passenger demanded particular or extra attention, and accomplished this feat by substituting "this female passenger" for "female passengers."   The jury are told that they may consider the "character of a passenger" in deciding whether a passenger having certain peculiarities or infirmities received attentions appropriate to such character.   This is the plain intent and import of this charge, and it violates

the rule that no particular passenger has extra claims unless for disability brought to the knowledge of the carrier.    Sher. & Red. Neg. 30, § 30 ; *Sevier* v. *V. & M. R. R. Co., ante,* p. 8.

*W. P. Harris* also argued the case orally.

*Calhoon & Green,* for the appellee.

1. It is plain from the whole mass of the instructions that the jury considered the real questions in the case by the light of the true law.    If it is the law that it was the duty of the company to have the car platforms lighted in some shape, either from within or without, and that they were not lighted, and that it was gross negligence to have the pit unguarded and unlighted on the side of their train, this verdict was right on the facts.

For plaintiff the instructions were :

First. Buying a ticket and entering the depot to take passage made her a passenger.

Second. If her fall was caused by there being no light on the car platform she should recover.

Third. The company must use utmost care of a prudent person to prevent accident, and if she fell because of darkness she should recover.

Fourth. Practically says, if plaintiff was negligent it does not prevent defendants' liability if they were negligent in not having the car platform lighted, and if that omission caused the injury.

Fifth. Is stereotyped on credibility witnesses.

Sixth. Even if cars lighted inside, still if platform not light enough to prevent accident to one of ordinary care, plaintiff must recover unless she failed to use such care.    The others but present the same ideas in different shapes, except the

Ninth. This is specially pointed on by appellant, and is to the effect that the law requires the utmost care to protect passengers, and jury may consider the character of the passenger, and if she used ordinary care and they could have prevented it by attention and skill, she must recover.

If there was error in this it is cured by the sixteenth given for defendants, which is quite broad.    But, properly construed, the ninth instruction for plaintiff merely announces the correct prin-

ciple that the law calls for the best possible care that passengers of ordinary prudence shall suffer no harm from want of light and the existence of pit-falls and man-traps, and that this applies to women with hand-trunks and skirts, and that it is not culpable negligence for a lady with a dress on and a hand-trunk in her hand to try to enter defendants' cars at night. The case of *Sevier* v. *V. & M. R. R. Co.*, quoted by counsel, has no sort of application here, and this court has confined that case expressly to its own facts. We ask the court to consider well the scope of the instructions given for the railroad company. They never read any which are broader or more positive, and those refused to defendants contain principles fully embodied in those given for the company.

In support of the instructions for plaintiff below and this whole argument we cite Hutch. Car., § 557 *et seq.* and §§ 518, 519, 520, and 568; Ib. 516–518; 2 Wait Act. & Def. 65; Shear. & Red. Neg., §§ 275–277; *M. C. R. R. Co.* v. *Whitfield*, 44 Miss. 485; Thomp. Car. 85–76; *Morris* v. *Richmond*, 31 Grat. 207; 16 Ill. 538; 22 Ind. 36; *Farrell's Case*, 31 Ind.; Hutch. Car. 516, 615, 637, 638; 2 Thomp. 1108, 1256–57. The verdict is certainly not manifestly wrong, and surely there is small prospect of any other, and this court will not disturb it under the principles often announced by this court.

*S. S. Calhoon* and *H. R. McInnes*, on the same side, argued the case orally.

CAMPBELL, C. J., delivered the opinion of the court.

The eighth and ninth instructions for the appellee should not have been given. They announced that if the fall of the plaintiff could have been averted by the skill or care of the defendant or its servants the plaintiff was entitled to recover. This made the defendant responsible, if by any precaution the mishap to the plaintiff might have been prevented, and although the jury was instructed at the instance of the defendant that it was not required of defendant to have persons at the entrance to the car to assist the plaintiff on and keep her from falling, it is manifest that the jury

took license from the eighth and ninth instructions for the plaintiff to render a verdict which is clearly wrong. The evidence shows that the cars of the defendant were as well lighted as usual or necessary, and that the fall of the plaintiff was chargeable not to any want of facilities for a safe entrance to the car, but to the haste and excitement incident to her first experience in entering a railroad car, and a misstep consequent on her confusion in her new situation. The testimony fails to show any fault on the part of the appellant on the occasion of the mishap of the appellee, and it would be spoliation through the aid of the law to permit a recovery by the appellee for the consequence of her own want of experience and care when no blame is imputable to the appellant with respect to her misfortune.

The testimony strongly suggests that this was her own view of the matter when it occurred, and that the idea of recovering damages for it was a subsequent conception, and originated not with her, but another.

*Judgment reversed and new trial awarded.*