## LOUISVILLE & N. R. CO. *v.* COMPIRETTO.*

(Division A. Feb. 16, 1925.)

[102 So. 837. No. 24640.]

1. CARRIERS. *Carrier of passengers is not insurer of their safety; carrier of passenger only liable for injuries caused by negligence in failing to exercise high degree of care.*

   While a carrier of passengers is required to exercise the highest degree of care and diligence for the safety of its passengers, it is not an insurer of their safety, and is only liable for injuries to passengers which are caused by its negligence in failing to exercise the high degree of care required.

2. CARRIERS. *Instructing that by sale of ticket carrier contracted to safely transport passenger and furnish safe means of alighting from train, is error.*

   In a suit against a carrier for injuries sustained by a passenger in alighting from its train, it is error to instruct the jury that, by the sale of the ticket, the carrier contracted to safely transport the passenger to her destination and to furnish her a safe means of alighting from the train, since it only contracted to exercise the highest degree of care and diligence in this regard.

---

*Headnotes 1.   Carriers, 10 C. J., sections 1296, 1302; 2. Carriers, 10 C. J., section 1474.

APPEAL from circuit court of Hancock county.

HON. D. M. GRAHAM, Judge.

Action by Mrs. Jennie Compiretto against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Smiths, Young, Leigh & Johnston,* for appellants.

It has been universally held that a carrier of passengers is not an absolute insurer of the safety of its pas-

senger, as a carrier of goods is for the safety of the goods, but that the carrier of passengers is only liable for injuries caused by negligence in failing to exercise the proper degree of care, skill, and prudence for such passengers' safety.  10 C. J. 863 and 911; 4 R. C. L. 1137 and 1142; 5 Elliott on Railroads (3 Ed.), sec. 2935, p. 39; *Y. & M. V. R. R. Co.* v. *Tillman,* 61 So. 658, 104 Miss. 592.

The court erred in giving the one written charge as to liability requested by the plaintiff.  Even if the declaration stated a cause of action *ex delicto,* this charge is erroneous, because negligence is not made the basis of liability.  It deals solely with what the plaintiff claimed to be the contractual obligation of the defendant, and excluded from the consideration of the jury all consideration of the question of negligence.  The word "negligence" is not mentioned, either in the declaration or in the charge, nor is there anything in the charge to point out to the jury what would constitute negligence.  The charge tells the jury that the defendant owed an absolute duty to carry the plaintiff safely to her destination, and to furnish a safe means of alighting.

Section 1645, Hemingway's Code and section 1985 of the Code of Mississippi, are not applicable to this case, because the alleged accident was in Louisiana.  It has been held that section 1645 is not merely procedural, but goes to the substantive rights of the parties, and, therefore, does not apply to actions which are not governed by the Mississippi Laws.  *N. O. & N. E. R. R. Co.* v. *Harris, Adm'x of Harris,* 247 U. S. 367; *N. O. & N. E. R. R. Co.* v. *Scarlet,* 120 Miss. 665, 83 So. 1.  It is always presumed where a matter is governed by the law of another state, that the general common law applies in that state unless otherwise proved.  Therefore, it will be assumed that the burden was on the plaintiff to prove negligence on the part of the defendant, if there was any.  Nevertheless, this charge clearly omits any consideration of negligence.

The doctrine of *res ipsa loquitur* has been applied by many courts to cases where a person is injured from causes which would in the ordinary course of events arise by reason of negligence on the part of the defendant. We do not think that it would apply in this case for the reason that the hole in the step might have been made immediately before the plaintiff attempted to alight, without any knowledge on the part of the defendant or any of its servants, or without any opportunity on their part to discover and remedy the defect in time, and to have prevented the plaintiff from falling. However, this is not material in considering this matter, because the doctrine of *res ipsa loquitur* is applied simply as a mode of proving negligence, and does not relieve the jury of the duty of deciding the question of negligence *vel non.* 5 R. C. L., sec. 719, p. 85; *Pascell* v. *North Jersey St. Ry. Co.,* 69 Atl. 171, 75 N. J. L. 836; *Cochrell* v. *Langley Mfg. Co.,* 63 S. E. 244, 247, 5 Ga. App. 317; *St. L., S. F. & T. Ry. Co.* v. *Cason,* 129 S. W. 394, 397; *Lynch* v. *Ninemire Packing Co.,* 115 Pac. 838, 840, 603 Wash. 423; *Lyles* v. *Brannon Carbonating Co.,* 52 S. E. 233, 140 N. C. 25; *Houston E. & W. T. Ry. Co.,* v. *Roach,* 114 S. W. 418, 422, 423, 52 Tex. App. 95.

The flagman, F. L. Reasonover, who was standing at the foot of the step where the plaintiff fell, positively testified that there was no hole or defect in the step, and states that her heel caught on the corner of the step when she slipped down. There was direct dispute in the evidence as to whether or not there was a hole or defect in the step. So when the charge assumed that there was a hole or defect in the step, it was clearly erroneous and prejudicial to the defendant. *Jackson Light & T. Co.* v. *Taylor,* 72 So. 856, 112 Miss. 60.

We respectfully submit that the judgment of the lower court should be reversed, and that a judgment should be rendered for the defendant.

*Gex & Waller,* for appellee.

It is certainly too well established to waste the court's time with argument thereon, that liability will follow for the breach of any duty or contract. In the instant case, the contract was set out, and proved. The plaintiff was injured through a breach of the defendant's contract, and liability followed. 4 R. C. L., sec. 538, p. 1008; 10 C. J., sec. 1263, p. 821; Sec. 1341, p. 916.

In *St. Louis Ry. Co. of Texas* v. *Gresham,* 167 S. W. 724, the supreme court of Texas held that the defendant company was liable not only for defective step, but was liable to a paintiff who stepped on a wet and frozen step, which had become in that condition during the transportation of the passenger, holding that it was not only its duty—(the defendant's duty)—to furnish a safe step and one free of defect, but to keep the step clean at all times so that passengers might alight. Cases of this sort might be multiplied.

A carrier is bound to furnish the highest degree of skill and diligence in conveying, receiving and discharging passengers, to avoid injury. The rule is well set out in *Chicago, etc., Ry. Co.* v. *Pillsbury,* 123 Ill. 9, 14 N. E. 22. And as so aptly said by the supreme court of the United States in *Philadelphia, etc., Ry. Co.* v. *Derby,* 14 How. (U. S.) 468, 14 L. Ed. 502; see, also, *Redin* v. *Alton, Granite & St. Louis Traction Co.,* 173 Ill. App. 491; *Walthour* v. *Pennsylvania R. R. Co.,* 40 Pa. Sup. Ct. 252; 4 R. C. L., sec. 538, p. 1088.

Certainly this court needs no authority on the proposition that if the contract was made in Mississippi, and the suit was on contract, the *lex loci* of the contract would govern. But, again, the court could not indulge in any speculation as to the Louisiana law, because there is nothing better established than the fact that when the defendant does not plead a different law, and show it, the presumption is that the law of the forum was the law of the state where the injury occurred. 10 C. J. 863 and 995; 4 R. C. L., secs. 539 and 540, p. 1090.

We submit that the defendant company, the appellant herein, had not only a fair and impartial trial but everything close was decided in its favor, even to permitting the plaintiff's physician to detail everything that had been told him by the plaintiff, all over the objection of the appellee, herein.

Argued orally by *Harry Smith,* for appellant, and *W. J. Gex,* for appellee.

Cook, J., delivered the opinion of the court.

The appellee, Mrs. Jennie Compiretto, instituted this suit against the Louisville & Nashville Railroad Company seeking to recover damages for a failure to safely transport her from the city of Gulfport, Miss., to New Orleans, La., and to furnish her a safe place or means of alighting from the defendant's train, and from a judgment in favor of the plaintiff for the sum of two thousand five hundred dollars, this appeal was prosecuted.

The declaration alleged that the defendant company entered into a contract with the plaintiff by which, in consideration of the price paid for a ticket, it agreed to safely carry and transport the plaintiff from Gulfport, Miss., to New Orleans, La., and to furnish her a safe means of alighting from its train at her destination, and that, in alighting from the train at the depot in the city of New Orleans, the heel of her shoe caught in a hole or other defect in the steps leading from the car to the depot platform, thereby causing her to trip and fall to the platform, from which fall she sustained serious injury.

As to the cause of her fall, the plaintiff testified that as she was descending the steps which led from the coach in which she had been riding to the depot platform, the heel of her shoe caught in a hole or crack in the second step, and thereby the heel of her shoe was pulled off and she was precipitated to the concrete platform below. The plaintiff was wearing a shoe with a high heel, and the

flagman of the train, who was standing by the steps when she fell, testified that the heel of plaintiff's shoe caught on the edge of the step, and that there was no hole or other defect in the step. At the conclusion of the testimony the court granted the plaintiff only one instruction upon the question of liability, which reads as follows:

"The court instructs the jury for the plaintiff that when the railroad company sold a ticket for transportation to the plaintiff herein, to the city of New Orleans, it contracted thereby not only to safely transport her to her destination, but to furnish her safe means of alighting from their train, and if you believe from a preponderance of the evidence that, because of a defective step, or because of a crack or hole therein, that she slipped, tripped, or fell off said step, injuring herself, you shall find a verdict for the plaintiff."

The rule that a carrier of passengers is not an insurer of the safety of its passengers is so universally recognized that it does not require the citation of authorities to support it. That a carrier of passengers is required to exercise the highest degree of care and diligence for the safety of its passengers is established by the decision of this court as well as the authorities generally, but it is only liable for injuries to passengers which are caused by its negligence in failing to exercise this high degree of care. By this instruction negligence was not made the basis of liability, but the jury was informed that the defendant owed an absolute duty to safely carry the plaintiff to her destination, and to furnish her a safe means of alighting from the train. It is not true, as stated in this instruction, that, by the sale of the ticket, the defendant contracted to safely transport her to her destination and to furnish her safe means of alighting from the train, but it only contracted to exercise the highest degree of care and diligence in this regard. This instruction, in effect, makes the carrier an insurer of the safety of the passenger, and, we think, it was calculated to mislead the jury. The defendant secured no instruc-

tion which in any way cured the error, and, consequently, for the error in this instruction the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*