Yazoo & M. V. R. Co. *v.* Hawkins.

(Division A.   April 18, 1932.)

[140 So. 873.   No. 29965.]

Flowers, Brown & Hester, of Jackson, for appellant.

R. L. Nichols, of Forest, and **Flowers, Brown & Hester**, of Jackson, for appellant.

**Percy M. Lee, Frank F. Mize** and **Colbert Dudley**, all of Forest, for appellee.

Argued orally by **J. T. Brown**, for appellant, and by **Percy M. Lee**, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellee, Ross Hawkins, sued the defendant railroad company for damages on account of personal injuries alleged to have been sustained by him as a result of a fall caused by stepping on a banana peeling as he was alighting from a passenger train at Morton, Mississippi, and from a judgment in his favor for one thousand two hundred fifty dollars the defendant prosecuted this appeal.

This is the second appeal in this cause; the opinion of the court on the first appeal being reported in 159 Miss. 775, 132 So. 742. In the opinion on the first appeal, the essential facts are fully stated, and we will not give a further statement of the facts except to call attention to certain differences in the testimony given on this trial from that on the first, and also to certain additional testimony introduced by the respective parties.

On the first trial, the appellee testified that a trainman came to where certain children had dropped a banana peeling on the floor of the coach in which he was riding and "picked up the banana peeling and carried it out at the front of the coach;" this being the end of the coach at which appellee soon thereafter attempted to alight. On the second trial the appellee testified that he saw one of the trainmen go to the place where the children were or had been eating bananas, and pick up "something" from the floor of the coach, saying at the time, "I have got to get this out of here," and that he carried the article which he had picked up out of the front door of the coach.

In the first opinion in this cause the court held that, in view of the fact that it was necessary for the appellee to prove that the presence of the banana peeling on the

platform was the efficient cause of the injury, the court below committed error in excluding certain testimony offered by the appellant railroad company to show that, after the accident, the banana peeling did not show any indication of having been stepped on or mashed. On the second trial several witnesses, including the appellee, testified that, when the flagman picked up the banana peeling from the platform, it was fresh, and was mashed in a manner indicating the imprint of a shoe thereon, while the appellee testified that, after his fall, some of the banana peeling was sticking to the bottom of his shoe. In contradiction of this testimony, the flagman testified that the banana peeling which he picked up was a fresh one and showed no signs of having been stepped on. The testimony as to the nature and extent of appellee's injury, and as to whether an injury to his head and skull then apparent was received in the fall from the train or at a date long prior thereto, was sharply conflicting, and the jury resolved these conflicts in favor of the appellee.

The appellant's first and principal contention is that its request for a directed verdict should have been granted, since there was an entire absence of evidence (1) that the banana peeling was placed on the platform by any one for whose conduct it is responsible, or (2) that it had been there for such a length of time that its servants should have discovered and removed it in the exercise of reasonable care. Upon this point the appellant contends that, to arrive at the conclusion that the banana peeling was placed on the platform by one for whose conduct it is responsible, an inference or presumption of fact must be based upon another inference or presumption. We do not agree with this contention. It is true that the evidence tending to show that the banana peeling was placed on the platform by one of the trainmen is circumstantial, but we are of the opinion that it was sufficient to warrant the jury in so finding. The

evidence is that a child was seen to drop a banana peeling in the aisle of the coach in which the appellee was riding; that shortly thereafter a member of the train crew was seen to pick up something at the point where the peeling was dropped; that, when he picked up this article, he remarked, "I must get this out of here;" and that he proceeded to the platform from which the appellee fell a few minutes later. Prior to the time this trainman went to the front of the coach to dispose of some objectionable article, the evidence is that no banana peeling was seen on the platform between the coaches by the witnesses who passed over it. A few minutes later the appellee was precipitated head foremost from the platform to the ground, or into the arms of the flagman who was standing on the ground at the foot of the steps leading to the platform. Immediately thereafter the flagman picked up from the platform a banana peeling which, according to the testimony of several witnesses, showed evidence of the imprint of a shoe thereon. Upon this evidence we think the peremptory instruction requested by the appellant was properly refused, and there is no merit in the contention that any inference of negligence that might be drawn from the facts and circumstances in evidence was so completely rebutted by the testimony of the trainmen as to justify the withdrawal of the cause from the jury by a peremptory instruction to find for the appellant.

The appellant next assigns as error the only instruction granted the appellee touching the question of liability which reads as follows: "The court instructs the jury for the plaintiff that when the railroad company sold a ticket for transportation to the plaintiff herein from Pelahatchie to Morton, it contracted thereby to exercise the highest degree of care and diligence to see that the plaintiff was not only safely transported to Morton, but also to exercise the highest degree of care and diligence to see that he could alight with safety from the train;

and if you believe from the preponderance of the evidence that the defendant failed in this regard, and that by reason of such failure to exercise the highest degree of care and diligence, if so it did, the plaintiff slipped on a banana peeling and was injured, if you so believe, then it is your sworn duty to find a verdict for the plaintiff, and award him such damages, if any, shown by the evidence to have been sustained by him.''

This instruction merely announced the rule that was approved in the case of Louisville & Nashville Railroad Co. v. Compiretto, 137 Miss. 766, 102 So. 837, and many other cases, that a carrier of passengers is required to exercise the highest degree of care and diligence for the safety of its passengers, and that a failure by it to exercise this high degree of care is negligence which renders it liable to passengers for injuries resulting therefrom. The instruction is not in conflict with anything said in the Compiretto Case, supra, or with the case of Chicago, St. L. & N. O. Railroad Co. v. Trotter, 61 Miss. 417, wherein the instruction condemned in effect made the carrier an insurer of the safety of the passengers. The judgment of the court below will therefore be affirmed.

Affirmed.