JEFF COLLINS ET AL. *v.* THE STATE.

1. INSTRUCTION. *Hypothetical statement of evidence. New trial.*

An instruction which predicates guilt on a hypothetical statement of the testimony for the prosecution, and does not fully and fairly state such testimony, is erroneous; and where it cannot be safely affirmed that an error as to this caused no prejudice, a conviction will be set aside.

2. SAME. *Incorrect statement of evidence. Assuming facts.*

Where, on a trial for unlawful cohabitation, an instruction for the state declares that acts of sexual intercourse need not be proved by eye-witnesses, but may be proved by circumstances and *the declarations of the parties*, and the evidence shows no declarations by the accused in the nature of confessions of guilt, the instruction is erroneous.

FROM the circuit court of Lafayette county.

HON. EUGENE JOHNSON, Judge.

Appellants have been convicted of the crime of unlawful cohabitation. The instruction for the state, the giving of which the court holds was reversible error, is as follows:

"The court instructs the jury that the crime of unlawful cohabitation may be proven by circumstances. It is not necessary for the state to prove by an eye-witness a single act of sexual intercourse, but if the circumstances in proof, and the declarations of the parties, if such are in proof, are such that from them you conscientiously believe that defendants habitually indulge in sexual intercourse, then the case is fully made out; and, in determining the guilt of defendants, you may take into consideration, if such appears from the testimony,

that Jeff Collins is often seen and heard at Susan's house at late hours of the night; that he has been seen leaving at early hours in the morning; that Susan is an unmarried woman and Jeff a married man; that Jeff made [the] trade for the lot where Susan lives; that he paid money for her on said lot, and took receipts for same; that Jeff has carried provisions for Susan, and eats at her table, and has clothes washed by her, and changes his clothes at her house, and keeps part of his clothes there; that he sometimes remains, if the facts are established by the evidence, from his wife all night. The jury should consider these and all the facts and circumstances in proof, and arrive at a verdict from a careful consideration of all the evidence in the case."

*Kimmons & Kimmons,* for appellants.

The first instruction is erroneous, in that it assumes to sum up and comment on the evidence, while, in effect, it is an instruction on the weight of evidence. 63 Miss., 386. The evidence is purely circumstantial, and is insufficient to warrant a conviction. It is impossible to read the testimony without entertaining a reasonable doubt of the guilt of the accused.

*J. W. T. Falkner,* on the same side.

The evidence does not rest on the testimony of eye-witnesses, but is entirely circumstantial. It is wholly insufficient to sustain the verdict.

The first instruction attempts to give a hypothetical statement of the state's testimony, but does not do so fairly and correctly. In several respects its statements of the testimony are directly contrary to what the witnesses testified. This is especially true in reference to the statement that Jeff Collins bought and paid for the lot. The error was prejudicial, and the judgment should be reversed.

*Frank Johnston,* attorney-general, for the state.

While the evidence is entirely circumstantial, I submit that

it clearly establishes the guilt of the accused. The first instruction is somewhat loosely drawn, but the facts enumerated and suggested for the consideration of the jury are purely hypothetical, and the instruction leaves the jury to reach its own conclusion from the facts.

WOODS, J., delivered the opinion of the court.

In view of the unsatisfactory evidence made of the guilt of the appellants, we cannot resist the belief that the hypothetical statement of facts in the first instruction, which were the reverse of the sworn statements of facts of the witnesses, were potential in procuring the conviction of the accused. It is always dangerous to single out portions of the evidence and charge the jury thereon; and, if the court proposes to state the evidence of the prosecution hypothetically, the statement must be made fully and fairly, and this was not done in the giving of this first instruction. In several particulars, the instruction was unjust to the accused and violative of the rule we have just announced. For example, the instruction informs the jury that proof of sexual intercourse by an eye-witness is unnecessary, if the existence of habitual sexual indulgence by the parties is satisfactorily shown by circumstances in proof *and the declarations* of the parties. There are no declarations in the nature of admissions or confessions of guilt. The only declarations found are those of positive denial of all wrong-doing. Again, by the instruction, the jury is told that, "in determining the guilt of the defendants, you may take into consideration, if such appears from the testimony, that Jeff Collins is often seen and heard at Susan's house at late hours at night, and that he has been seen leaving at early hours in the morning; . . . that Jeff made the trade for the lot where Susan lives; that Jeff has paid money for Susan on said lot, and taken receipts for same; that Jeff has carried provisions to Susan, and eats at her table, and has clothes washed by her," when a careful examination discloses that the evidence

distinctly and uncontradictedly demonstrates that Susan made the trade for and bought the lot herself, that she has paid for it herself, and that the receipts for such payments were given to her. Some, it may be all, of the other hypothetical statements of fact quoted by us, may be properly characterized as inferential argumentation rather than full and fair recitals of the evidence of the witnesses. It cannot be safely affirmed that the suggestion by the court to the jury that these hypothetical statements in this instruction might be found in the testimony, was not exceedingly prejudicial to the accused.

*Reversed.*