NEW ORLEANS & NORTHEASTERN RAILROAD COMPANY v. DOR-
SEY WILLIAMS.

[53 South. 619.]

RAILROADS. *Master and servant. Safe place to work. Doctrine inap-
plicable. Instruction.*

An instruction touching a master's duty to furnish his servant a
safe place in which to work, has no application where a railroad
yard employe was injured by the negligence of train operatives
in moving cars without giving warning and the moving cars
alone caused the injury.

FROM the circuit court of Lauderdale county.

HON. JOHN L. BUCKLEY, Judge.

Williams, appellee, was plaintiff in the court below; the
railroad company, appellant, was defendant there. From a
judgment in plaintiff's favor the defendant appealed to the
supreme court.

The plaintiff, a yard employe of defendant, was engaged
with another in carrying a heavy object on their shoulders
across defendant's yard at Meridian, and they undertook to
pass between two cars standing on a side track quite close to
each other; while endeavoring to pass between them one of the
cars was moved towards the other, as was charged, by the negli-
gence of train operatives in moving a train against it, without
giving warning, and plaintiff was badly injured by being
caught between the cars. The opinion of the court further
states the case.

*McWillie & Thompson* and *A. S. Bozeman*, for appellant.

The third instruction for the plaintiff on the subject of a
safe place to work was wholly inapplicable to the case, and
should not have been given. The doctrine only applies, as a

general rule, to permanent places of labor, such as are provided in factories. In this case the plaintiff was transporting a heavy object from where it had been placed in defendant's yard to the defendant's shops. A farmer does not guarantee that there are no "sinkholes" along the route when he directs a laborer to carry a plow from one place on his farm to another. There is no evidence that the place at which plaintiff received his injuries was unsafe; according to his testimony he was injured by being caught between two cars, caused by defendant's train moving one of them towards the other. There is no safe place to be crushed between railroad cars. The whole doctrine invoked by the instruction is foreign to the case, and carried the idea to the jury that defendant was liable, although there might be no liability on account of the movement of the cars, because a safe place to work was not furnished plaintiff; and the evidence of the failure to furnish the safe place was nothing more than the fact that plaintiff was hurt between the cars.

If a master were maliciously to strike his servant over the head with a hammer while the latter was engaged in operating machinery an action would lie, but the doctrine of a safe place to work would be foreign to the case, or if a heavy object dropped from an airship should break through the roof of a factory and strike a laborer, his employer would not be liable to him for the injuries inflicted, although the master negligently dropped the object, on the claim that the laborer had not been furnished with a safe place to work. While the illustrations are, perhaps, extreme, they serve to show that the idea of permanent unsafeness is to some extent, at least, involved in the "safe place to work" doctrine, and that the doctrine is wholly inapplicable where the place was rendered unsafe by the same act which inflicted the injury for which suit is brought. The "safe place to work" idea surely ran mad in the trial of this case in the court below.

*Thomas G. Fewell* and *Witherspoon & Witherspoon,* for appellee.

The third instruction for plaintiff, complained of by appellant, was applicable to the case under the circumstances. Take the illustration of counsel for appellant. Suppose that the farmer who directs his laborer to carry a plow to a certain place had fixed a path for that laborer over a stream or across a "sinkhole," would not the law require the farmer to furnish a reasonably safe walk or way? We think so. In this case it is shown that the way led between two standing cars. Should not that way have been kept free of obstructions and dangers?

SMITH, J. delivered the opinion of the court.

The following instruction was given the jury in the court below at the request of appellee: "The court charges the jury, for the plaintiff, that it was the duty of the defendant to furnish the plaintiff, Dorsey Williams, a reasonably safe place to work, and to warn him of the dangers, if dangers there were, which are not obvious to an ordinarily prudent person; and if you believe from the evidence that the defendant failed to furnish plaintiff a safe place to work, or failed to warn the plaintiff of any such dangers connected therewith, then your verdict should be for the plaintiff."

If appellant is liable to appellee for his alleged injury, it is by reason of negligence of the servants of appellant in switching its cars onto the track whereon the cars were standing, and between which appellee attempted to pass, and not by reason of any failure of appellant to furnish appellee with a safe place to work. The instruction, therefore, is not applicable to the facts of this case, and should not have been given.

The judgment of the court below is therefore reversed, and the cause remanded.                                    *Reversed.*