MISS SUSIE RUSSELL GODFREY *v.* MERIDIAN LIGHT & RAILWAY CO.

[58 South. 534.]

1. INSTRUCTIONS. *Damages. Carriers. Duty to receive passengers action for failure. Grounds of liability. Instructions cured by others.*

An instruction which assumes as true a controverted fact is erroneous.

2. DAMAGES. *Punitive. Grounds for imposing.*

Punitive damages are recoverable, not only for willful and intentional wrong, but for such gross and reckless negligence as is the equivalent of willful wrong in the eye of the law.

3. CARRIERS. *Duty to receive passengers. Action for failure. Instructions.*

In an action against a street car company for damages for failing to stop its car and admit plaintiff as a passenger, an instruction that "if plaintiff did not sustain any actual damages, and that the conductor of defendant's servants was not insulting 'and' intentionally willful, even though negligent, then the jury should only award plaintiff nominal damages," is erroneous for two reasons. First, because it required the jury to believe that defendant's conduct was insulting, capricious and intentionally willful, the three adverbs should have been used in the alternative and not conjunctively, and second, the phrase "even though negligent" would have warranted the jury in believing that any degree of negligence, even gross negligence was intended.

4. CARRIERS. *Duty to receive passengeres. Actions for failure. Instructions.*

If an intending passenger is at a proper place and in time to catch an approaching street car and could have been seen by the

servants of the company in charge of such car by the exercise
of due care, then a failure to see such passenger and to stop and
take her up is negligence and renders the company liable for
damages.

5. SAME.

In such case if the conduct of defendant servants was character-
ized by willful, intentional or reckless disregard of plaintiff's
right, exemplary damages may be imposed.

6. INSTRUCTIONS CURED BY OTHERS.

Where an abstract proposition of law is announced by an instruc-
tion and the same or similar propositions of law are thereafter
correctly set forth in other instructions in the cause, then if
taking the instructions on both sides as a whole, the court can
safely affirm that no harm has been done to either side, and that
the right result has been reached, the verdict of the jury will not,
in such cases be disturbed.

7. SAME.

But where the court undertakes to collect certain facts, and mak-
ing a concrete application of the law to such facts, instructs the
jury to bring in a stated verdict if they believe in their existence,
and the facts therein stated will not legally sustain the verdict
directed, such error cannot be cured by other instructions.

8. CARRIERS. *Duty to receive passengers. Admissibility of evidence.*

In an action against a carrier for failure to stop its car and receive
a woman and child as passengers, evidence of the motorman as
to seeing a woman and child waiting for the car and as to what
was done by the conductor and motorman with respect thereto
was admissible.

APPEAL from the circuit court of Lauderdale county.
HON. JOHN L. BUCKLEY, Judge.

Suit by Miss Susie Russell Godfrey against the Merid-
ian Railway & Light Company. From a judgment for
defendant plaintiff appeals.

The appellant brought suit against the appellee for
the sum of five thousand dollars damages for the al-
leged failure of the defendant to stop its car and admit
her as a passenger at a street crossing in the city of
Meridian.

The declaration alleges that plaintiff went to a corner in the business section of the city for the purpose of taking a car, and signaled for it to stop; that the signal was seen and understood by the motorman, but that he made no effort to stop the car until it had passed by plaintiff, finally stopping about fifty yards beyond her; that his failure to stop was willful and grossly negligent; that, when the car stopped, the conductor on the rear of the car looked back and saw that plaintiff wished to board the car; that without giving her time to reach it, or offer to back the car to the crossing where she stood with her baby, eighteen months old, the conductor willfully, negligently, and insultingly, knowing that plaintiff desired to become a passenger, signaled the motorman to go ahead, and left the plaintiff standing at the corner; that, by reason of the gross negligence and willful wrong done plaintiff by defendant, she was compelled to walk a great distance, carrying her child, suffering physical pain and mental anguish, to her damage, etc., and further, that because of the insults and humiliations heaped upon her by the servant of the defendant she is entitled to damages.

The case was submitted to a jury under instructions of the court, and resulted in a verdict for defendant, from which comes this appeal.

*C. D. Christian* and *Green & Green,* for appellant, filed an elaborate brief covering all points decided in the case but too long for publication.

*Baskin & Wilbourn,* for appellee, filed an extended brief fully covering the case but too long for publication.

WHITFIELD, C.

The sixth instruction given for the defendant is fatally erroneous, for two reasons: First, it assumes what was certainly in controversy that Freeman and Chatham

were the motorman and conductor on this particular
street car; and, secondly, it took entirely from the con-
sideration of the jury the question of whether the de-
fendant was guilty of gross negligence. Punitive dam-
ages are recoverable, not only for willful and intentional
wrong, but for such gross and reckless negligence as is
the equivalent of willful wrong in the eye of the law.
This is not the law. If this charge were correct, then
it would follow that, although the jury might have be-
lieved that Mrs. Godfrey was in the place for embarka-
tion on the car at the time stated by her, they would,
nevertheless, find for the defendant, if only they fur-
ther believed that the motorman and conductor did not
see Mrs. Godfrey. They might not have seen her, and
yet been guilty of gross negligence in not seeing her.

The sixth instruction is as follows:  "Unless the
plaintiff has shown by a preponderance of the testi-
mony that Freeman and Chatham willfully refused to
stop at a time and place when plaintiff was entitled to
board the car then plaintiff is not entitled to recover
punitive or exemplary damages against defendant; that
punitive or exemplary damages are what is called in
law smart money, or vindictive damages to be given in
cases when those against whom they are inflicted have
been guilty of willfully and knowingly wronging the
party or parties claiming said damages."

The fourth instruction given for the defendant is as
follows:  "The court instructs the jury that the burden
of proof is on plaintiff to show by a preponderance of
the evidence that defendant's servants negligently omit-
ted to stop the car and take her on as a passenger before
plaintiff is entitled to recover at all; and, further, that,
in the event the jury should believe from the evidence
that defendant's servants did negligently omit to stop
the car and accept plaintiff as a passenger, the burden
is also on plaintiff to show by a preponderance of the
testimony that she sustained actual damages and the

amount thereof with reasonable certainty before she can recover any actual damages, and, if the jury believe from the evidence that plaintiff did not sustain any actual damages, and that the conduct of defendant's servants was not insulting, and intentionally willful even though negligent, then the jury should only award plaintiff nominal damages." The last clause of this instruction, which tells the jury that if they believe from the evidence that plaintiff did not sustain any actual damages, and that the conduct of the defendant's servants was not insulting, capricious, and intentionally willful, even though negligent, then the jury should award plaintiff only nominal damages, is objectionable for two reasons: First. Because it required the jury to believe that the defendant's conduct was insulting, capricious, and intentionally willful. The three adverbs should have been used in the alternative, and not conjunctively. Second. The phrase, "even though negligent," would have warranted the jury in believing that any degree of negligence, even gross negligence, was intended. Gross negligence is negligence, but it is negligence to the N'th power.

The second instruction for the defendant is also erroneous, because it omits liability growing out of gross negligence. The instruction was calculated to make the jury believe that they might find for the defendant simply because the motorman and conductor did not, as a fact, actually see the plaintiff. The servants of the defendant company were required to use due care to see her, and if, by the exercise of due care, they would have seen her, the defendant would be liable. The instruction ignored the right of recovery growing out of gross negligence. The second instruction given for defendant is as follows: "If the jury believe from the evidence in this case that the conductor and motorman did not see plaintiff, and did not intentionally capriciously decline to stop the car and let her take passage thereon, the

jury should not award any punitive or exemplary damages against the defendant." The third instruction for the defendant is also fatally erroneous, which is as follows: "The court charges the jury that if they believe from the testimony that Freeman and Chatham did not observe that plaintiff desired or wanted to board defendant's car at the corner of Thirteenth street and Twenty-fourth avenue, and failed to stop and take her on for the reason above stated, then the verdict of the jury should be, 'We, the jury, find for the defendant.' " The court here attempts to make a concrete application of the law to the facts of the case, and directs the jury to find a verdict for the defendant if they believe the facts stated in the instruction. The facts set out in the instruction are that, if the jury believe Freeman and Chatham did not observe that plaintiff desired to board defendant's car and failed to stop and take her on for that reason, to wit, that they did not actually see her, they should find for the defendant. We have already pointed out that this is fatally incorrect. If the conductor and motorman failed to see her through the want of ordinary care, the company would certainly be liable. Liability would follow from a failure to see her, if by the use of due care she would have been seen, just as clearly as from the fact, if it were so, that they did not see her at all. The jury might have believed that Mrs. Godfrey was at a proper place, and in abundant time to catch the car, and yet they were told that, if they did not simply see her, they should find for the defendant. If she might have been seen by the motorman and conductor by the use of ordinary care, the company was plainly liable for the violation of its general duty which it owes the public to see. *Wilson* v. *N. O. & N. E. R. R.*, 63 Miss. 352.

*Harper* v. *State*, 83 Miss., 402, 35 South. 572, announces the true rule, which is: "Where an abstract proposition of law is incorrectly announced by an in-

struction, and the same or similar propositions of law are thereafter correctly set forth in other instructions in the cause, then if, taking the instructions on both sides as a whole, the court can safely affirm that no harm has been done to either side, and that the right result has been reached, the verdict of the jury will not, in such cases, be disturbed. *Skates* v. *State,* 64 Miss. 644, 1 South. 843, 60 Am. Rep. 70.

But where, as in the instant case, the court undertakes to collate certain facts, and, making a concrete application of the law to such facts, instructs the jury to bring in a stated verdict if they believe in their existence, and the facts therein stated will not legally sustain the verdict directed, such error cannot be cured by other instructions; the reason for the difference being that in the first instance it is simply an erroneous statement of a legal principle, which may or may not mislead the jury, according to the varying circumstances of causes, but in the latter instance, where a verdict is directed to be based upon the facts stated in the instruction, other instructions embodying other and different statements of facts and authorizing verdicts to be predicated thereon do not modify the erroneous instruction, but simply conflict therewith. If, by an erroneous instruction, a jury be charged to convict if they believe certain facts to exist, and by another instruction the jury be told that they should acquit unless they believe that certain other facts also exist, these instructions do not modify, but contradict, each other. The one is not explanatory of the other, but in conflict therewith. In such a state of case the jury is left without any sure or certain guide to conduct them to the proper conclusion. *Hawthorne* v. *State,* 58 Miss. 778; *Collins* v. *State,* 71 Miss. 691, 15 South. 42; *Josephine* v. *State,* 39 Miss. 617; *Owens* v. *State,* 80 Miss. 499, 32 South. 152.

This instruction was fatally erroneous, and not cured. We notice just one other matter. Testimony is set out

in the record as to the motorman seeing a woman and a child, which he supposed to be a girl, wanting to get aboard the car. A good deal of testimony was taken as to what the conductor and the motorman did with respect to this woman and her child, extending from page 33 to and including page 42 of the record. At the end of all this testimony, the court of its own motion excluded all this testimony, to which action of the court both the plaintiff and the defendant excepted. We think the jury were entitled to hear this testimony as to what was done by the motorman and the conductor, and what they saw with reference to this woman and her child. We are very much inclined, though expressing, of course, no positive opinion about it, to the view that the woman and child seen by the motorman were very likely the plaintiff in this case and her child. The motorman's idea that the child was a girl was, of course, pure guesswork, and his estimate of the age was of like little value. At any rate, it was for the jury to determine what his opinion as to both were worth, and to give to all this testimony as to what the conductor and the motorman saw and did, with respect to this woman and her child, just such weight as from the evidence they saw proper.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated, the judgment is reversed, and the cause remanded.

*Suggestion of error filed and overruled.*