ILLINOIS CENTRAL RAILROAD COMPANY *v*. SMALL.

[74 South. 681, Division B.]

CARRIERS. *Railroads. Jury. Negligence.*

Where an intending passenger at night without knowing the customary side to enter the train went to the side of the train next to the depot, but discovered that this was the wrong side to enter the car and in attempting to go around to the other side tripped over a sidewalk projection and was injured, in such case the defendant railroad company was negligent in not lighting the premises so that such obstruction could be seen or indicating a safe way to the train, and this is true irrespective of whether reasonable care, or the highest degree of care due a passenger, was required of it.

APPEAL from the circuit court of Montgomery county. HON. H. H. ROGERS, Judge.

Suit by J. B. Small against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes, Wells, May & Sanders,* for appellant.

Counsel cite cases to the effect that Small was a passenger, and entitled to receive from appellant the care required to be given to a passenger. We do not dispute this. But all that the carrier is required to do is to make reasonable provision for his safety. The higher duty required by text books and decisions applies only to the operation of trains. The highest degree of care to protect a passenger from injury, applies only as to the operation of locomotives, but this degree of care is not required as to premises. Reasonably safe condition of premises is all that is required. Aside from this, it was not because of any failure of any care required of appellant to be exercised towards appellee that produced the injury. The premises were safe. A safe way was provided for him to take passage and he turned his back on this and chose an unsafe way. In other words, his injury is the result of his own recklessness and foolhardy negligence, we say, in an effort to obtain for himself better accomodations than were afforded the other passengers by gettting on the train before they had time to get there and be seated.

Counsel for appellee further argue that it was the duty of the railroad company to make the passageway to and from the station safe. We agree to this but we contend that the facts in this case show that we had made it safe; that the reason why this party was injured was because he left the safe way and made a mad rush to be the first on the train. Of course, it is the duty of the railroad company to furnish a guide to take passengers

to their right train, when a guide is necessary, but in this case no guide was necessary. The facts show that the way was safe and all other passengers acting with prudence took the train in safety.

Counsel say that 2 Hutchinson on Carriers, section 940, holding the carrier is required only to exercise reasonable care, has no application to our state. We contend that the counsel has not found, nor will he find, any decision of this state which holds that the carrier owes any other duty to the passengers with reference to its premises, except to keep its premises in reasonably safe condition and to exercise reasonable care for the safety of the passengers. Where the injury to the passenger occurs from the operation of a train, the carrier owes the duty of the highest degree of care to the passenger to protect him from this, but the rule laid down by Hutchinson that only reasonable care is required is just as applicable to the state of Mississippi as it is in any other state in the United States, and there is no decision to the contrary. The duty placed on the carrier in regard to its premises is the same duty that rests on every individual or corporation having business with the public and inviting it on its premises. The duty the carrier owes is no greater and no less than that of other corporations engaged in public business. The premises must be kept reasonably safe.

Counsel assert that we contend with great earnestness that it appears from this record that the cause for plaintiff's injury was his own contributory negligence and that the trial court should have so instructed the jury as a matter of law, and given a peremptory instruction for the defendant. We deny that there is to be found in our brief any suggestion that we charge Mr. Small with contributory negligence. Contributory negligence carries with it the idea that someone else has been guilty of a precedent negligence and that the injured party shared, or participated in the act of negligence committed by some other party. Our contention is that the railroad

company was guilty of no negligence. All the foolhardiness and negligence was his. We had our premises in a safe condition; and walks provided for the passengers to go to and from the trains; had lights; and he was preceded by twenty or thirty passengers going to the train in a proper direction, and he left the beaten way and undertook to take a route that no other passenger should take, and injured himself.

*Hill & Witty,* for appellee.

Plaintiff was a passenger (52 So. 355) and as such was entitled to receive from appellant the highest degree of care to protect him from injury, (60 So. 73; 55 So. 593; 50 So. 721).

Appellant owed plaintiff the duty to use the utmost care to make the passageway to and from the train and the station safe, and to furnish guides to conduct the plaintiff to his train if the plaintiff would not otherwise have been safe, or to guide and direct plaintiff to his train and inform him, as to the safest way to board same, in some other competent way (44 Am. Reports 444; 121 N. W. 676; 1 L. R. A. 157; 81 S. W. 1069, 182 Mo. 687; 2 So. 567; Thompsons Commentaries on the Law of Negligence, 1902, Ed., sections 2702-2706; 52 Miss. 202; 44 Miss. 466; 4 Ruling Case Law, sections 654, pp. 1236-1237); note to 20 L. R. A. (N. S. 1041).

It was for the jury to say whether plaintiff was or was not guilty of contributory negligence, and it would have been improper for the trial court to instruct the jury as a matter of law that the plaintiff was guilty of contributory negligence (39 So. 493 & 690; 47 So. 785; 49 So. 609; 50 So. 721; 79 Miss. 26; 77 Miss. 382).

The negligence of appellant in failing to guide, direct or inform plaintiff as to the safest manner of boarding his train was the direct and proximate cause of plaintiff's injuries, or it was for the jury to say whether this were true or not (77 Miss. 382).

COOK, P. J., delivered the opinion of the court.

Mr. Small sued the appellant railroad company for injuries received by him while he was a passenger. The facts of the case are about these: Mr. Small was a resident of Winona, and, being in Jackson and desiring to return to his home at Winona, he went to appellant's depot and purchased a ticket, which entitled him to passage on appellant's trains from Jackson to Winona. It was his purpose to take passage on the train of defendant due to arrive somewhere about midnight. After waiting for some time in the waiting room provided for passengers the train arrived, and he immediately left the waiting room for the purpose of boarding the train. It seems that defendant's station at Jackson was a union depot for all the railroads entering and departing from Jackson. The tracks were on the west side of the depot, and it seems that the train appellee was to take passage on usually came on the second track west of the depot, and it is said in the brief of counsel for appellant that the place where this train habitually opened its doors to receive passengers was on the west side of the north-bound trains. Appellant, however, did not know of this rule or custom, and therefore he proceeded to go upon the east side of the standing train towards the day coaches which were next to the locomotive pulling the train, the Pullman coaches being at the rear of the train. When he had almost gotten to the locomotive somebody on the west side of the train cried, "All aboard!" and, believing that the train was about to pull out, he left the sidewalk for the track, and began running up the track to reach the head of the train and go around to the west side for the purpose of getting on the train, he, in the meantime, having discovered that he had made a mistake in trying to board the train on the side next to the depot. This mistake is probably a natural one to persons from the rural districts or the smaller towns of the state. While he was hurrying along he stubbed his toe

on the projecting side of a wooden sidewalk leading from the depot proper across the track to the west, and fell upon his knees on the walk, seriously and permanently injuring himself. There was no light at or near the sidewalk; there were no signs indicating the side on which the trains were to be entered; and there were no guides to direct passengers.

The trial judge instructed the jury that appellee was a passenger, and that it was the duty of the company to use the highest degree of care to protect him from injury. This instruction it is claimed was error. Appellant insists that the only duty it owed to appellant in the circumstances was to keep its premises in a reasonably safe condition.

This court, in the *Smith Case,* 103 Miss. 150, 60 So. 73, seems to have approved the rule adopted by the trial court in the present case. However, as we view the record in this case, the plaintiff was entitled to a verdict under the undisputed facts, under either of the rules.

It seems to us that it was reasonably to have been anticipated that some passenger would very likely make the same mistake that appellee made in this case, and that he would very likely stumble over the hidden sidewalk and hurt himself. It seems clear that it was negligence not to provide a light, so that persons situated as appellee was could have seen the obstruction, either that, or it was the duty of the company to have provided some means to indicate the safe way to the train.

The verdict was small, we think, and we believe that it was inevitable that appellee would recover.

*Affirmed.*