MERIDIAN TERMINAL Co. *et al. v.* STEWART.*

(Division A.   May 31, 1926.)

[108 So. 496.   No. 25709.]

1. CARRIERS.

Terminal company maintaining union passenger station and railroad using terminal have duty of maintaining walks to be used by passengers in such condition that they may be used in safety by persons going to and coming from trains.

2. CARRIERS. *Passenger suing for injuries received when stumbling over brick on walk leading from train must show that brick was placed by person for whose conduct defendants were responsible, or had remained so long that it should have been discovered and removed.*

A passenger suing for injury received when she stumbled over brick lying on walk leading from train, from which she had disembarked, had burden of proving that brick was placed on walk by person for whose misconduct terminal company or railroad was responsible, or had been on walk for sufficient length of time that by exercise of due care it should have been discovered and removed.

3. CARRIERS. *Evidence held insufficient to show that brick, over which passenger disembarking from train stumbled, had been allowed to remain on walk through negligence of terminal company maintaining passenger station or railroad using it.*

In action against terminal company maintaining union station and railroad for injuries received from stumbling over brick lying on concrete walk leading from train from which plaintiff had disembarked, evidence *held* insufficient to show that brick was from material which had been removed from excavation and piled on walk several days before injury, or that it had been allowed to remain on walk through negligence of defendants.

*Corpus Juris-Cyc. References:   Carriers, 10CJ, p. 916, n. 54; p. 919, n. 73; p. 1028, n. 92; p. 1059, n. 52.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.

Action by Birdie Stewart against the Meridian Ter-
minal Company and another. Judgment for plaintiff,
and defendants appeal. Reversed and judgment ren-
dered.

*Bozeman & Cameron* and *Baskin, Wilbourn & Miller*,
for appellants.

Under no circumstances could appellants be held liable
to appellee for this brick, found on the concrete walk
or platform for the first time, where she fell with her
bundles, unless the appellants had actual or constructive
notice of such brick being on said concrete walkway or
platform. See *Louise Davis* v. *South Side Elevated R.
R. Co.*, 127 N. E. 66.

The following cases hold that the duties respecting
maintenance of station buildings and other appurtenances
are not so rigorous as that imposed upon railroad car-
riers in relation to roadbeds, tracks, cars, appliances and
the like: *Kelly* v. *Manhattan R. Co.*, 112 N. Y. 443, 3
L. R. A. 74, 20 N. E. 385; *Penn. Co.* v. *Marion*, 104 Ind.
239, 3 N. E. 874, 3 Am. Neg. Cas. 175; *Moreland* v. *Bos-
ton & P. R. Corp.*, 141 Mass. 31, 6 N. E. 225; *Christie* v.
*Chicago, M. & St. P. R. Co.*, 61 Minn. 161, 63 N. W. 482;
*Falls* v. *San Francisco & N. P. R. Co.*, 97 Cal. 114, 31
Pac. 901, 9 Am. Neg. Cas. 110; *McCormick* v. *Detroit, C.
H. & M. R. Co.*, 141 Mich. 16, 104 N. E. 390, 18 Am. Neg.
Rep. 484; *Hiatt* v. *Des Moines, N. & W. R. Co.*, 96 Iowa,
169, 64 N. W. 766, 9 Am. Neg. Cas. 346; *Chicago R. I. &
P. R. Co.* v. *Owens*, 118 Ark. 467, 117 S. W. 8, 9 N. C. C.
A. 995.

We also call the court's attention to 10 C. J., secs.
1341-42, p. 919, and authorities there cited, which hold the
rule as to stations or depots and surroundings to be
that only ordinary care should be observed, as distin-
guished from the highest degree of care that must obtain
by railroads in operating trains; and that with reference
to depots, station houses and platforms, negligence can-

not be imputed to appellants unless they, through their employees, caused such negligence or that such negligence had existed for such a length of time as to impute to them knowledge of the said negligent act complained of. See *John Thompson Grocery Co.* v. *Phillip,* 125 Pac. 563; *Town of Union* v. *Heflin,* 104 Miss. 669; *Kantner* v. *Philadelphia R. Co.,* 84 Atl. 774; *Dudley* v. *Abrams,* 122 App. & Div. (N. Y.) 480; *Cohea* v. *Coffeeville,* 69 Miss. 861; and, also, *Colburn* v. *Chicago & N. W. Ry. Co.,* 152 N. W. 821; *DeVelin* v. *Swanson,* 72 Atl. 388; *Schnatterer* v. *Bambarger,* 34 L. R. A. (N. S. 1077; *Norton* v. *Hudner,* 44 L. R. A. (N. S.) 79; *Mary A. Toland* v. *Paine Furniture Co.,* 175 Mass. 476; *Eva Hotenbrink* v. *Boston Elevated R. Co.,* 97 N. E. 624; *McNaughton* v. *I. C. R. R. Co.,* 136 Iowa, 177, 113 N. W. 844; *Geo. S. Proud and Wife* v. *Philadelphia & Reading Ry. Co.,* 50 L. R. A. 468.

In the instant case, no negligence is shown, either actual or constructive, on the part of the appellants with reference to the brick over which appellee claims to have stumbled.

Knowledge, either actual or constructive, cannot be imputed to appellants in this case, of the obstruction; that is, a whole brick being on the concrete walkway. Every inspector connected with the different appellants, entering the said terminal station, together with the day station-master and night station-master, covering practically every period of time during the night of the accident up to and including the coming in from New Orleans of Train No. 42 on track No. 4, from which train the appellee disembarked, showed by their undisputed testimony that no brick was found on the said concrete walkway until the appellee fell, when the brick was discovered for the first time amongst her bundles. See *Cohea* v. *Coffeeville,* 69 Miss. 561; *Goddard* v. *Boston & M. R. R. Co.,* 60 N. E. 486; *Colburn* v. *Chicago & N. W. R. Co.,* 152 N. W. 881; *John Thompson Grocery Co.* v. *Phillips,* 125 Pac. 563; *Town of Union* v. *Heflin,* 104 Miss. 669; *Dudley* v. *Abrams,* 122 App. & Div. (N. Y.) 480.

From the foregoing authorities, we submit that the lower court erred in refusing the peremptory instruction asked on behalf of appellants, both the one asked in behalf of the Meridian Terminal Company and the one asked in behalf of New Orleans & Northeastern Railroad Company.; and we insist that under the facts and the law in this case that this court should reverse the case and render a judgment here in behalf of the appellants.

*Reily & Parker* and *M. V. B. Miller,* for appellee.

The one question on this appeal is whether the evidence is sufficient to sustain the verdict. The attack made by the appellant on the insufficiency of the testimony is directed to the point that the falling by the appellee over a brick in this walkway, under the testimony, does not show any negligence on the part of the appellants, or either of them; that the proof does not show that the appellants placed the brick in the walkway or that it had been there a sufficient length of time to charge them with knowledge of its presence and place upon them the duty of removing same.

This brick was found on defendant's premises where the public is kept out by fences and gates. It is not an object customarily carried by passengers while traveling; it is found at a place where ordinary care requires frequent inspection, and it is such an object as inspection would have discovered. No inspection had been made and no one pretends to be in a position to say how long the brick had been in that position except from casual observation while passing and giving primary attention to something else. The matters for the consideration of the jury in any case are the proved facts and all reasonable inferences to be drawn therefrom. This place is in the exclusive use of the defendants and it is manifest that no one passes that way, except in rare cases, other than the employees of the defendants and the passengers from their trains. The probability of passengers carry-

ing used bricks about with them to be dropped on the walkway is too remote to be classed as a reasonable inference. Every reasonable inference from this testimony is directed toward the defendants as having been responsible for the presence of this brick.

It is our contention that this appeal involves only a question of fact: the sufficiency of the evidence to sustain the verdict. But even the weight of the evidence has some legal bearing; the sufficiency of the testimony may be determined in connection with certain principles of law accepted in connection with certain states of facts. In this connection 10 C. J. at pp. 1058-59, states the rule to be that in actions against carriers the proof of negligence need not be positive and direct, but that negligence may be established by circumstantial evidence.

A case in which this rule is, in effect, announced and applied in a more concrete way is *Washington* v. *M. K. & T. Ry. Co.*, 38 S. W. 764.

In *So. Ry.* v. *Myrick*, 77 S. E. 3, a party was injured while undertaking to use some steps used in approaching the station grounds and when it was dark, and two skids used by the defendant were on these steps which caused the plaintiff to fall and be injured. It does not appear that the testimony showed who placed the skids there or how long they had been there. The defendant was held liable.

In *Byrne* v. *Boodle*, 2 Hurl & C. 726, cited in *McCroy* v. *G. H. & S. A. Ry. Co.*, 34 S. W. 95, plaintiff was injured by being struck by a barrel rolling out of defendant's warehouse and the defendant was held liable without other evidence of negligence. In *Hull* v. *M. St. P. & S. S. M. Ry. Co.*, 133 N. W. 852, the plaintiff recovered for an injury received in falling on the railroad platform on account of ice being thereon. In *MacLaren* v. *B. E. Ry. Co.*, 83 N. E. 1088, the plaintiff recovered for injuries alleged to have been received in a fall on the steps of the defendant at their depot due to the same being slick and slippery from accumulated mud thereon.

We call the court's attention to *McGowan* v. *Monaham,* 85 N. E. 105, wherein a tenant sued the landlord for an injury received by being tripped by a rug at the entrance, the court holding the landlord responsible for the position of the rug, or mat.

In *Yetter* v. *Gloucester Ferry Co.,* 69 Atl. 1079, the Ferry Company had discharged its passenger at the landing, where she would pass over and along the pier on top of the flooring, over which she stumbled and fell and was injured. The Ferry Company defended on the ground that its responsibility ended when it had discharged its passenger at the pier, the pier being the property of others. The Ferry Company was held liable. It does not appear how long the plank in question had been in this position nor what connection the defendant had in placing it there. Judging by the nature of the defense, there must have been no proof connecting the Ferry Company with placing the plank where it did the injury.

We make no contention about the measure of care required of the defendants. Reasonable care is an elastic term depending upon the circumstances in each case. The station-master of the defendants, seeing and knowing the conditions existing there, makes it plain what would be expected of a reasonably prudent person with regard to bricks on this walkway.

*Bozeman & Cameron,* in reply, for appellants.

The chief legal questions involved are: (1) That the standard of duty owed by the defendant to plaintiff is ordinary care and not the highest degree of care; (2) that the burden is on the plaintiff to show *negligence* on the part of the defendant and that this involves showing that the defendant had knowledge, actual or constructive, of the presence of the brick in question. The chief point of difference, as reflected in the briefs, has to do with whether, under the evidence in the case, the plaintiff has met the burden imposed upon her.

A review of the testimony will show that the contentions of our adversaries are without merit and that the attempted application of some of the authorities is likewise erroneous.

There are additional authorities which we desire to bring to the court's attention as closely in point in the present case: *Norton* v. *Hudner* (1913), 213 Mass. 257, 100 N. W. 546, 44 L. R. A. (N. S.) 79, where plaintiff slipped on a piece of meat in a butcher shop, when said piece of meat was covered with sawdust and obscured from her view; *Thompson Grocery Co.* v. *Phillips* (Colo., 1912), 125 Pac. 563, where a customer of a grocery store slipped on a piece of tallow, or other greasy substance, at a place where customers were invited; *O'Brien* v. *Boston Elevated Ry. Co.* (Mass., 1924), 145 N. E. 259, where a carrier was absolved from liability to one of its passengers who slipped on some substance which one of its employees had swept on to the steps, because there was no evidence of negligence; *Heck* v. *Northern Pac. Ry. Co.* (Mont.), 196 Pac. 521, declaring that the principle of *res ipsa loquitur* does not apply in cases of this nature; *Rom* v. *Huber* (N. J., 1919), 108 Atl. 361, where Huber ran a bath establishment and Rom, his patron, slipped on a piece of soap on the floor and recovery was denied because of failure on the part of the plaintiff to prove that the owner of the establishment had knowledge of the dangerous condition complained of.; and finally we invite the court's attention to the case of *Maphet* v. *Hudson & M. Ry. Co.* (N. J., 1923), 119 Atl. 777, where plaintiff stepped from the railroad car to the platform and his foot came in contact with a "fuse plug, an instrument about one inch in diameter and a few inches in length," which, being round, rolled under plaintiff's foot and caused him to fall. Plaintiff contended that the jury in that case had a right to infer that the particular fuse which caused the injury was dropped or placed on the platform by the defendant's servants. The court reversed the judgment.

143 Miss.—34.

In conclusion, we refer the court's attention to *O'Neil* v. *Boston, etc., Ry. Co.,* 142 N. E. 904; *Pearson* v. *Director-General,* 139 N. E. 488; *Holmes* v. *Theatres Co.,* 152 N. W. 987; *Zugbie* v. *Whipple Co.,* 119 N. E. 191; *Douglas* v. *Shepard Co.,* 104 N. E. 491; and *Sweatland* v. *Springfield Market Co.,* 142 N. E. 46.

Argued orally by *Ben F. Cameron* and *W. E. Baskin,* for appellants, and *Marion W. Reily,* for appellee.

Smith, C. J., delivered the opinion of the court.

The Meridian Terminal Company maintains a union passenger station at Meridian, Miss., which is used by several railroad companies, one of which is the appellant the New Orleans & Northeastern Railroad Company. Concrete walks are along the tracks on which trains enter the yard at this station, and from these walks other concrete walks lead to the gates through which persons going to and coming from trains must pass The appellee, after disembarking from one of the trains of the appellant railroad company on which she had been a passenger, stumbled and fell over a brick lying on the concrete walk along the track on which the train from which she disembarked was standing. For the injury resulting to the appellee from this fall, she obtained a judgment against the appellants, and they have appealed to this court.

It was the appellants' duty to maintain the cement walk on which the appellee fell in such condition that it could be used with safety by persons going to and coming from trains on which they intended to become or had been passengers (and we will assume for the sake of argument that they should have exercised the highest degree of care so to do, *Railroad Co.* v. *Daniels,* 96 Miss. 314, 50 So. 721, 27 L. R. A. [N. S.] 128; *Railway Co.* v. *Smith,* 103 Miss. 150, 60 So. 73; *Railroad Co.* v. *Small,* 113 Miss. 857, 74 So. 681), but the burden of proving

that they failed to exercise such care was on the appellee; and in order for her to recover for the injury of which she complains it must appear from the evidence that the brick (1) was placed on the walk by a person for whose conduct the appellants are responsible, or, (2) had been on the walk for a sufficient length of time for the appellants to have discovered and removed it by the exercise of due care.  10 C. J. 916-919.

The evidence does not disclose how the brick over which the appellee fell came to be on the cement walk or how long it had been there.  The only evidence by which the appellee attempted to prove either of these facts was that several days prior to that on which the appellee was injured, an excavation was made across the walk on which she fell in order that a drainpipe thereunder might be repaired, and that the material then removed from the walk was piled thereon, but whether at or near the place where the appellee fell does not appear.  The witness who gave this testimony could not say that he saw any brick in the material which he says was piled on the walk, and it appears from undisputed evidence introduced by the appellants that these cement walks contain no brick.  This evidence is insufficient to enable a jury to say that the brick over which the appellee fell was in the material removed from the walk and piled thereon several days before the appellee was injured.

The peremptory instruction requested for the appellants should have been granted.

Reversed, and judgment here for the appellants.

*Reversed.*