Yazoo & M. V. R. Co. *v.* Hawkins.

(Division B.   March 9, 1931.)

[132 So. 742.   No. 29252.]

Clinton **H. McKay**, **Chas. N. Burch** and **H. D. Minor**, all of Memphis, Tenn., and **R. L. Nichols**, of Forest, for appellant.

Percy M. Lee, Colbert Dudley and Frank F. Mize, all of Forest, for appellee.

Argued orally by **Clinton H. McKay,** for appellant, and by **Percy M. Lee,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee was a passenger on one of appellant's trains, and, while attempting to alight in the usual manner at his destination, he slipped and fell from the platform of the passenger coach, and was injured. In his declaration he alleges that he slipped on a banana peeling which appellant had permitted to be on said platform where passengers alight from the train.

In his testimony in chief appellee does not assert that he slipped on a banana peeling; he asserted only that he slipped and fell down the platform steps. The further testimony of appellee was: That, when he fell, he was caught or helped up by the flagman, who was on the ground at the coach steps to aid passengers in alighting. That the flagman at once asked appellee if he was hurt, to which appellee replied that he did not think he was, whereupon the flagman then asked appellee how he had happened to fall, to which appellee replied that he had slipped. That the flagman then looked to the coach platform, observed a banana peeling thereon, called attention to it, ascended the steps, picked up the peeling, and put it out of the way. This was the first time that any of the witnesses, passengers or trainmen, had seen a banana peeling on said platform, according to the testimony of

all the witnesses, including appellee; and all the train-
men testified that it was a part of the business of their
work to be always on the lookout for such dangers in the
aisles and platforms, and that, although they had been
upon or passed over this platform just before the accident
and were on the watch, none of them saw a banana peel-
ing on the platform.

However, appellee testified that a short distance before
his destination was reached he noticed a woman with
children, who were eating fruit, and that one of this party
dropped a banana peeling on the floor of the coach, and
that presently a trainman came along, picked up the
banana peeling, and carried it out at the front of the
coach, this being the end of the coach at which appellee
soon thereafter attempted to alight. It is admitted by
appellee that he did not see what the trainman did with
the said peeling, and all the trainmen, each for himself,
deny that any such thing happened; but appellee main-
tains that, inasmuch as the train was vestibuled, the jury,
if they believed this testimony of appellee, might reason-
ably draw the inference therefrom that this trainman
threw the peeling into the vestibule, and that soon there-
after in some manner it found its way to the platform,
and in a position thereupon to cause the fall of appellee
and the consequent injury.

On the other hand, appellant contends that the infer-
ences next above mentioned are too remote, and partake
to such a degree of the quality of conjecture that it is the
more probable that the jury acted upon the theory that
appellant was liable upon the simple fact that the banana
peeling was on the platform at the moment of the injury,
regardless of when and how it got there. And this brings
into view the following instruction granted by the court
at the request of appellee: "The court instructs the jury
for the plaintiff that it was the duty of defendant rail-
road company to keep the aisles, floors and platform of
its train on which plaintiff was a passenger in a reason-

ably safe condition, and also clear of substance calculated to cause injury to passengers in disembarking from such train, and if you believe from a preponderance of the evidence in this case that defendant railroad company failed in this respect and permitted a banana peeling to remain on the platform of the car from which plaintiff was disembarking and that plaintiff, without any fault on his part, stepped on such banana peeling and slipped and was thereby caused to fall and become injured, then it is your sworn duty to find a verdict for the plaintiff.''

The quoted instruction is in conflict with the principles announced in Louisville & N. R. Co. v. Compiretto, 137. Miss. 766, 102 So. 837, and is erroneous. It is said by appellee, however, that this instruction was substantially copied from the opinion in Meridian Terminal Co. v. Stewart, 143 Miss. 523, 108 So. 496; but an examination of the latter case discloses that it is authority directly against the said instruction.

Appellee argues that the instruction is cured by other instructions. Upon this point, and as applicable to this case, we quote from Harper v. State, 83 Miss. 402, 418, 419, 35 So. 572, 574: ''Considerable confusion has crept into the decisions of the various courts on the question as to what extent errors in instructions given for one side can be corrected by the instructions, properly drawn, granted to the other. The true rule, as we apprehend, is this: Where an abstract proposition of law is incorrectly announced by an instruction, and the same or similar propositions of law are thereafter correctly set forth in other instructions in the cause, then if, taking the instructions on both sides as a whole, the court can safely affirm that no harm has been done to either side. and that the right result has been reached, the verdict of the jury will not, in such cases, be disturbed. Skates v. State, 64 Miss. 644, 1 So. 843, 60 Am. Rep. 70. But where, as in the instant case, the court undertakes to collate certain facts, and, making a concrete application of the

law to such facts, instructs the jury to bring in a stated verdict if they believe in their existence, and the facts therein stated will not legally sustain the verdict directed, such error cannot be cured by other instructions; the reason for the difference being that in the first instance it is simply an erroneous statement of a legal principle, which may or may not mislead the jury, according to the varying circumstances of causes, but in the latter instance, where a verdict is directed to be based upon the facts stated in the instruction, other instructions embodying other and different statements of facts and authorizing verdicts to be predicated thereon, do not modify the erroneous instruction, but simply conflict therewith.'' See, also, Godfrey v. Railway Co., 101 Miss. 565, 570, 571, 58 So. 534.

There is another material error in the record. In addition to the necessity on the part of appellee to prove that the banana peeling (1) was placed on the platform by a person for whose conduct appellant is responsible, or (2) had been on the platform for a sufficient length of time for the appellant to have discovered and removed it by the exercise of due care, Meridian Terminal Co. v. Stewart, 143 Miss. at page 531, 108 So. 496, it was necessary for appellee to prove (3) that the presence of the said banana peeling on the platform was the efficient cause of the injury, which is to say that appellee actually slipped on the said banana peeling. Although the peeling was there, if appellee's foot did not come in actual contact with it, then the presence of the peeling was immaterial so far as appellee was concerned.

It has already been mentioned that appellee did not directly testify that he slipped on the banana peeling, although, in a portion of his examination, that fact seems to have been assumed. The affirmative conclusion in that respect is worked out, if at all, by inference from the circumstances. Appellant had the right, of course,

to rebut that inference, if it could. We have also already mentioned that the inference in favor of the issue that the peeling was (1) placed on the platform or (2) was negligently allowed to remain there by the trainmen or some of them was the testimony of appellee that, only a short distance from the station where the accident occurred, appellee saw a trainman take a banana peeling to the front of this coach. The inference as well follows therefore that the banana peeling was a fresh one, and it is a matter of which all men of ordinary observation may take knowledge that a fresh banana peeling, if stepped upon, or slipped upon, will clearly disclose the physical signs thereof. Appellant attempted to prove by the flagman who first saw the banana peeling and who was the person who removed it from the platform that it did not show any indication of having been stepped on or mashed, but the court on objection by appellee refused to allow that proof to be made. We think this clearly was erroneous and, as it seems to us, was upon one of the vital issues of the case.

In comparison with the injuries sustained, the verdict in this case is, to say the least, sizable and substantial, and should therefore be sustained by no less than a substantial conformity to the law in the procurement thereof. Upon the whole record, we cannot safely affirm that the errors in this case have been harmless and have worked no injustice. Consequently the judgment must be reversed and the cause remanded.

Reversed and remanded.