GULF, MOBILE & OHIO R. CO. *v.* SMITH.

Division A.   Feb. 5, 1951.

No. 37808 (50. So. (2d) 899)

Henry Mounger, Patterson & Patterson, Flowers, Brown & Burns, for appellant.

770

Shirley Magee, and Cohn, Hobbs & Hobbs, for appellee.

**Holmes, C.**

The appellant prosecutes this appeal from an adverse judgment of the Circuit Court of Lawrence County

awarding to the appellee damages in the amount of $5,000 for personal injuries. The declaration predicated liability upon alleged negligence of the appellant in failing to maintain its passenger station premises at Monticello, Mississippi, in a reasonably safe condition for persons lawfully using the same, and more particularly upon alleged negligence of the appellant in failing to properly light its said station premises, and in causing or permitting the tongue of its baggage or express truck to extend across a part of the hard surface walkway provided for the use of passengers, or persons accompanying or meeting passengers at said station.

The record discloses substantially the following facts: On September 9, 1949, appellant maintained a depot at Monticello, Mississippi, at which passenger trains were regularly scheduled to arrive. A hard surface walkway, approximately six or eight feet in width, was provided by appellant for the use of passengers or persons accompanying or meeting passengers at said station. This walkway extended from the depot nearly to the track on which trains arrived, and served as a station platform for the use of passengers and persons accompanying or meeting passengers at said station.

Appellant kept at its said station a baggage or express truck, which it used for handling baggage or express. This truck was five or six feet long and three feet wide, and had four iron wheels, a flat bed, upright standards at each end, and a tongue approximately three and a half or four feet long. The tongue was provided with a latch or hook whereby it could be raised off the ground and hooked to the front standard when not in use.

Appellant maintained a station agent at its said depot until 3:30 o'clock in the afternoon, when he locked the depot and went off duty, and no one took his place. He was not required to return to duty until 6:30 o'clock the following morning. On the afternoon of September 9, 1949, the station agent went off duty at 3:30 o'clock and

left the station about 4:00 o'clock. When he went off duty, according to his testimony, he locked the depot and left the truck on the walkway against the side of the depot, with the tongue down but jammed against the depot wall. He testified that the truck was in the same position when he returned to duty the following morning.

No lights were provided at the station at night, except such as were afforded by the headlights or vestibule lights of incoming trains, the appellant having discontinued turning on the station lights about a week prior to appellee's alleged injury, and having only resumed the turning on of such lights a short time after appellee's alleged injury.

On the night of September 9, 1949, appellee went to the station about 9:00 o'clock to meet his wife and baby and mother-in-law, who were arriving on appellant's train from New Orleans, scheduled to arrive at the station at 9:14 p. m. The station was in darkness. He waited on the station platform or walkway for the arrival of the train. According to his testimony, he did not see the baggage truck because of the darkness, and, as the train came in, he stepped back to get further away from it and stumbled backward over the tongue of the truck, which was extending into the walkway, and was injured.

Appellee was treated by Dr. Follis, of Monticello, and by Dr. Robbins, of Brookhaven. Neither of the doctors testified. Dr. Follis was called by the appellant, but was withdrawn as a witness upon appellee's objection based on the privileged communications statute. (Code 1942, Sec. 1697.) Dr. Robbins was not called by either side.

Appellant urges as grounds for the reversal of the judgment of the trial court, (1) that the court erred in refusing its request for a peremptory instruction, and (2) that the court erred in granting to the appellee his instruction No. 2, and (3) that the court erred in refusing its requested instruction as to the effect of appellee's

failure to call as a witness his physician, Dr. Robbins, and (4) that the amount of the verdict is excessive.

We are of the opinion that appellant was not entitled to a peremptory instruction under the facts of this case. Appellee was rightfully on the station platform and had the right to assume that appellant had exercised due care to maintain the premises in a reasonably safe condition for the use of one coming to the station to meet incoming passengers. Illinois Central R. Co. v. Daniels, 96 Miss. 314, 50 So. 721, 27 L. R. A., N. S., 128. It was the duty of appellant to exercise due care to keep its station premises in reasonably safe condition for persons going to and coming from trains. Meridian Terminal Co. v. Stewart, 143 Miss. 523, 108 So. 496.

"Subject to qualifications as to notice and opportunity to eliminate the danger, it is the carrier's duty to keep the station and platform in good repair and free of dangerous depressions or other defects; to keep the platform free from, or to remove, trucks, baggage, and other obstacles on which passengers are liable to be injured, even though the dangerous obstacles were placed there by another, . . .; and to prevent the creation of, or to remedy, other dangerous conditions." 13 C. J. S., Carriers, Sec. 717, page 1338.

The case of Meridian Terminal Co. v. Stewart, supra, relied on by appellant, is not applicable here insofar as it held that the Company was entitled to a peremptory instruction, for the reason that in that case it did not appear from the facts that the Company had had reasonable opportunity to discover the defective condition. In the case at bar, the station agent went off duty at 3:30 o'clock in the afternoon, not to return until 6:30 o'clock the next morning, and with no one provided to take his place, and locked the station and left it without any provision for lights, except the lights from an incoming train, and left the truck on the station walkway with the tongue down, subject to be tampered with by anyone coming on

the station premises, all with full knowledge on the part of appellant that one of its passenger trains was scheduled to arrive at the station more than five hours thereafter, that is to say, at 9:14 p. m., at which time it was to be reasonably anticipated that persons would be using the station premises in going to and from said train. We think that this evidence was sufficient to warrant the submission of the case to the jury for the jury's determination of the issue as to whether or not the appellant had exercised due care to maintain its station premises in reasonably safe condition, and that therefore appellant was not entitled to a peremptory instruction.

It is next contended by the appellant that the trial court erred in granting to appellee his requested instruction No. 2, reading as follows: ''The Court instructs the jury for the plaintiff that if you believe from a preponderance of the testimony in this case that the plaintiff was on the station premises of the defendant on the night of September 9, 1949, for the purpose of meeting his wife and baby who were passengers on defendant's train, and if you further believe from a preponderance of the testimony in this case that the defendant acting by and through its station agent placed or permitted to be placed upon its station premises, at or near the place where the plaintiff's wife and baby were to alight from said train, a freight truck or baggage truck the tongue of which extended into the travelled part of said station premises, and if you further believe from the testimony in this case that the plaintiff while waiting for said train and while exercising reasonable care and caution for his own safety stepped backward to get further away from said incoming train and when so doing his leg or heel struck the tongue of the said wagon or truck and as a result thereof the plaintiff was caused to fall and be injured, the jury should return a verdict for the plaintiff in such an amount as will as they determine to be reasonable and proper from the testimony for the purpose of fully compensating him for his pain and suffering and such pain and suffer-

ing as the jury may find from the testimony the plaintiff will suffer in the future.''

■■■ We think that this instruction was improperly granted because it is not based on the evidence. It authorized the jury to return a verdict for the plaintiff if they believed that appellant's station agent placed the truck in the position complained of. There is no evidence that the *station agent* so placed the truck, and, in fact, the testimony of the station agent is to the contrary. An instruction which is not applicable to the facts of the case is erroneous and should not be given. New Orleans & N. E. R. Co. v. Williams, 96 Miss. 373, 53 So. 619.

''An instruction not based on the evidence is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to induce them to suppose that such state of facts in the opinion of the court is possible under the evidence and may be considered by them.'' 53 Am. Jur. 455-456.

We are unable to say that this instruction did not prejudicially influence the verdict of the jury since it was calculated to induce the jury to believe that the state of facts therein set forth was, in the opinion of the court, possible under the evidence and proper to be considered by them. We are accordingly of the opinion that the granting of this instruction constitutes reversible error.

In view of our conclusion that the case must be reversed and remanded because of the error of the trial court in granting to appellee the above quoted instruction, we refrain from passing on the question of the claimed excessiveness of the verdict or the question of the claimed error of the trial court in refusing to appellant its requested instruction on the effect of appellee's failure to call as a witness his physician, Dr. Robbins, further than to say of said instruction that if it was otherwise proper, as to which we express no opinion in this case, the trial court was correct in refusing it because it undertook erroneously to instruct the jury that the defendant had no right to offer Dr. Robbins as a witness. It is true that

the appellant could not have required the doctor to testify over the objection of appellee, based upon the privileged communication statute, but appellant had a perfect right to *offer* him as a witness, at which time the appellee may have availed himself of his right of objection or may have waived his right of objection.

The privileged communication statute is no prohibition against the offering of a physician as a witness since the patient may or may not waive the statute.

Reversed and remanded.

PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated the case is reversed and remanded.