GEOPHYSICAL SERVICE, INC. *v.* THIGPEN

No. 40787          May 5, 1958          102 So. 2d 423

*Watkins & Eager,* Jackson; *Berne H. Shanholt,* Dallas, Texas, for appellant.

*McFarland & McFarland,* Bay Springs, for appellee.

ROBERDS, P. J.

On June 17, 1957, Mrs. J. B. Thigpen, the appellee, was the owner of a certain tract of land, consisting of eighty acres, located in Jasper County, Mississippi. It was what the witnesses call "swamp land". None was in cultivation and no one resided thereon.

In her declaration in this case the appellee asserted that Geophysical Service, Inc., the appellant, through its servants, went upon the land, without permission, and explored for signs of oil and gas, causing damage to the land and the timber thereon and to a fence upon, or surrounding, the land. She asked for actual damage in the sum of $1,500.00 and punitive damage in the amount of $1,450.00. The jury returned a general verdict for Mrs. Thigpen in the sum of $1,600.00, from which verdict, and judgment entered pursuant thereto, the Geophysical Service appeals.

The main contention of Geophysical on the appeal is that it was not permitted to show it went on the land in good faith and that, therefore, it was not liable for punitive damages.

The question arises under these conditions: Mrs. Thigpen, the owner, was a widow and resided in Bay Springs. The tract of land was located some ten miles east of Bay Springs. For a number of years Andrew ("Dock") Lee, who resided adjoining, or near, the Thigpen land, had, in

a general way, looked after the land for the owner. Also, Mrs. J. B. Thigpen had an adult son named Jarman Thigpen, who resided in Bay Springs. Jarman was married. Mrs. J. B. Thigpen went to California on a visit June 3 and returned June 30th. In other words, at the time the Service Company desired to make its explorations the owner was in California. Also, Jarman Thigpen, the son of the owner, was in Mobile the day the Service Company desired to go upon the land. Under these circumstances the Service Company offered testimony to show that its servant went to Mrs. Jarman Thigpen and inquired of her about going upon the land and exploring for signs of oil and gas; that Mrs. Jarman Thigpen told the agent of appellant that she had the authority to give such permission; that she and her husband would inherit the land, that it was agreeable for appellant to make its explorations, and she hoped they would find oil and gas. Pursuant to that permission, so witnesses for appellant testified, the employees of appellant went upon the land and made the investigation. This testimony was excluded. Appellant offered it not as a justification to relieve itself from paying whatever actual damage was caused by going upon the land, but as bearing upon the question of punitive damages.

We think it was error to exclude this testimony. Evidence of good faith has always been competent in this State upon the question of punitive damages. Some of the cases, so holding under the varying issues involved, are: Godfrey v. Meridian Light & Railway Co., 101 Miss. 565, 58 So. 534; American Railway Express Co. v. Bailey, 142 Miss. 622, 107 So. 761; New Orleans, J. & G. N. R. Co. v. Statham, 42 Miss. 607; Vicksburg Railroad, Power & Mfg. Co. v. Marlett, 78 Miss. 872, 29 So. 62; Keirn v. Warfield, 60 Miss. 799; Yazoo & M. V. R. Co. v. Hardie, 100 Miss. 132, 55 So. 42, 967; Anderson-Tully Co. v. Campbell, 193 Miss. 790, 10 So. 2d 445; Capital Electric Power Assn. v. Hinson, 226 Miss. 450, 84 So. 2d 409; Bradley v. Associates Discount Corp., 230 Miss. 131,

458

92 So. 2d 468. In Capital Electric Power Association v. Hinson, supra, plaintiff was entitled to actual damages from defendant for cutting trees on the land of plaintiff. On the question of punitive damages the Court said "The appellant attempted to show good faith, as to which it had the affirmative under the statute." Appellant association offered to show that it had ceased cutting when notified appellee objected to the cutting, and that its agent had asked permission of appellee's tenant, not then knowing that the tenant was not the owner, and it also offered in evidence an easement which it construed to give it the right to cut the right of way. The trial court excluded this testimony. This Court said "All these facts should have been admitted on the question of good faith and the issue submitted to the jury." The testimony bearing upon good faith, offered by defendant should have been admitted in this case.

Reversed and remanded.

*Lee, Arrington, Ethridge* and *Gillespie, JJ.*, concur.