## IDA F. O'LEARY vs. WILLIAM SMITH.

Essex.    January 19, 1926. — February 26, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of one in control of real estate.  *Restaurant.  Evidence,*
Matter of conjecture, Presumptions and burden of proof.

At the trial of an action against the proprietor of a restaurant for personal
injuries suffered when the plaintiff slipped in a vestibule as she was
entering the restaurant at seven o'clock in the morning, there was evi-
dence that the vestibule was dark and that the plaintiff slipped on
something soft on the floor, which looked "like apple pie or something
like that"; that, in a conversation with the defendant immediately after
the accident, he stated that he did not have time to watch everything
that was going on; that the place "was usually cleaned twice a day or
once a day anyway," but he did not "think it had been cleaned" the
night before.  *Held,* that
     (1) There was no evidence that the substance had been on the floor
a sufficient length of time for the defendant to discover it in the per-
formance of his duty to see that the place was reasonably safe for his
customers;
     (2) A finding for the plaintiff was not warranted;
     (3) A verdict for the defendant should have been ordered;
     (4) Under G. L. c. 231, § 122, the exceptions of the defendant were
sustained and judgment was ordered for the defendant.

TORT for personal injuries alleged to have been received
when the plaintiff slipped in a vestibule when entering a
restaurant in Haverhill of which the defendant was pro-
prietor.    Writ dated May 23, 1922.

In the Superior Court, there was a trial before *Thayer,* J.
Material evidence is described in the opinion.    At the close
of the evidence the defendant moved that a verdict be
entered in his favor.    The motion was denied.    There was
a verdict for the plaintiff in the sum of $2,500.    The defend-
ant alleged exceptions.

The case was submitted on briefs.

*L. C. Doyle,* for the defendant.

*J. J. Ryan & J. P. Cleary,* for the plaintiff.

PIERCE, J.    There was evidence that the plaintiff on
January 9, 1922, at 7 A.M. received personal injuries while,

as a customer, she was about to enter the defendant's restaurant. At the conclusion of the evidence the defendant moved in writing that a verdict be directed in his favor; the motion was denied, and the defendant excepted. The action is before this court after a verdict for the plaintiff.

There was evidence that the plaintiff first came to a vestibule which was raised slightly from the sidewalk; that there was no light in the vestibule, which had a storm door at its outer end, adjacent to the street, with a small window in the door about two thirds of the way up, and there were wooden sides, without windows, which met the storm door from the sides of the vestibule opening; that it was dark there; and that the plaintiff was accustomed to passing in and out of that restaurant, without any light in the vestibule.

The evidence tended to show that the plaintiff stepped in to this vestibule, that her foot slipped on something soft and that she fell backward, receiving the injury for which she brought this action. There was further evidence that "at the time her foot slipped she had one foot on the sidewalk and one on the vestibule and it was the foot on the vestibule which slipped; that she looked upon her shoes and saw there was something dirty on the side of her shoe; it seemed like something that had been spilled; that it was reddish brown in color and looked like apple pie or something like that"; and there was a similar substance on the floor of the vestibule. In addition there was evidence that there was dirt and cigarette stubs upon the floor of the vestibule.

Immediately following the accident, the plaintiff entered the restaurant, saw the defendant and told him about it. In the conversation which followed, in substance he asked her what she fell on and she said she didn't know; that she slipped on something and fell backwards; that the defendant said he had not had time to look around and clean up; that one of his men had got through and that he was short of help. At a second conversation with the plaintiff, the defendant said, in substance, that "he had known" that the place "had not been taken care of"; that "he would have cleaned up the vestibule but mornings were a very busy time from six until seven o'clock, but that they were very, very busy and

he was short of help," and did not have time to watch everything that was going on; that the place "was usually cleaned twice a day or once a day anyway," but he did not "think it had been cleaned" the night before.

The above is all the evidence tending to show how long the substance upon which the plaintiff slipped had been on the vestibule floor, how it came there, or whether the defendant knew or should have known of its presence. The evidence would not warrant a jury in finding that the defendant knew or in the exercise of reasonable care should have known of the existence of the dangerous substance in the vestibule. It may be true that the defendant had had time the night before or that evening to clean up the vestibule, and in the process to remove the substance if it was then present in the vestibule. The difficulty with that position is that there is no evidence that the substance was there to be removed if the vestibule had been cleaned at the time the defendant usually cleaned up; and there was no evidence that the substance had been on the floor a sufficient length of time for the defendant to discover it in the performance of his duty to see that the place was reasonably safe for his customers. The motion should have been allowed. *Norton* v. *Hudner*, 213 Mass. 257. *O'Neill* v. *Boston Elevated Railway*, 248 Mass. 362, and cases cited. The case at bar is distinguishable from *Anjou* v. *Boston Elevated Railway*, 208 Mass. 273.

It results that the defendant's exceptions must be sustained, and that judgment may be entered for the defendant. G. L. c. 231, § 122.

*So ordered.*