DIRECTOR GENERAL OF RAILROADS *vs.* ANDREA ALOISI.

Suffolk.    April 9, 13, 1931. — May 26, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Arrest of judgment. *Limitations, Statute of. Judgment.*

Under G. L. c. 231, § 136, the defendant in an action, after a finding for the plaintiff, was not entitled to have judgment arrested on the ground that the action was barred by the statute of limitations, a defence which did not affect the jurisdiction of the court and which existed previous to the finding.

CONTRACT, originally by The Erie Railroad Company and subsequently, by amendment on December 20, 1928, prosecuted by the Director General of Railroads. Writ dated July 13, 1923.

The action first was tried in the Superior Court and special questions were submitted to the jury. The jury answered the questions and found for the plaintiff on January 18, 1927, in the sum of $645.81. A motion by the defendant for a new trial was allowed on December 29, 1928, it being ordered however that the answers to the special questions should stand. On that day, also, a motion by the defendant, to amend his answer by setting up the defence that the plaintiff's cause of action did not accrue

within three years of the date of the writ, was allowed. A motion by the plaintiff for judgment on the ground that there was no defence to the action was allowed by *Bishop,* J., on June 20, 1930. On November 5, 1930, a further motion by the defendant, to amend the answer by setting up the defence that the plaintiff's cause of action did not accrue within six years before the plaintiff became a party to the action, was allowed. The action thereafter was heard without a jury, by *Macleod,* J., who found for the plaintiff in the sum of $767.57. A motion by the defendant in arrest of judgment is described in the opinion. The motion was denied by *Bishop,* J., and the defendant appealed.

*F. M. Zottoli,* for the defendant.

*E. A. Howe,* for the plaintiff.

SANDERSON, J. This is an action of contract to recover freight charges on a carload of produce originating in California in September, 1919, and consigned to the defendant. The writ was dated July 13, 1923, and the trial in the Superior Court resulted in a verdict for the plaintiff by direction of the trial judge. Thereafter the defendant's motion for a new trial was allowed. The defendant's answer was amended by setting up the defence that the cause of action did not accrue within three years before the suing out of the writ and the further defence that it did not accrue within six years before the plaintiff became a party to the action. After trial the judge found for the plaintiff and assessed damages in a stated sum. Thereafter the defendant filed a motion in arrest of judgment on the ground that "the record manifestly shows that this action originally brought by the Erie Railroad Company was brought more than three years after the time the said cause of action accrued and that the substitution of the present plaintiff by way of amendment does not give the plaintiff any standing in court in that the cause begun by the original plaintiff was prohibited, and brought into court contrary to the provisions of the 41 U. S. Sts. at Large, 491, § 424, and that the cause of action forming the subject matter of this case was specifically reserved by the act of March 21, 1918, 40 U. S. Sts. at Large, 456, § 10, and not to the present plaintiff."

The only contention made by the defendant is that the action is barred by the statute of limitations as contained in the statutes of the United States to which reference is made in the motion. This ground of defence existed before the finding was made and does not affect the jurisdiction of the court. By the express terms of the statute this defence is not open on a motion in arrest of judgment. G. L. c. 231, § 136.

<div align="right">

*Order dismissing motion in arrest
of judgment affirmed.*