WILLIAMSON *v.* F. W. WOOLWORTH CO.

No. 41202          June 8, 1959          112 So. 2d 529

*Lee V. Prisock,* Jackson, for appellant.

*Jackson & Ross,* Jackson, for appellee.

KYLE, J.

Billy P. Williamson sued F. W. Woolworth Company to recover damages for personal injuries sustained when he allegedly slipped on a banana peeling and fell in the store of the defendant in the city of Jackson. At the close of the evidence for the plaintiff, the court granted a directed verdict and judgment for the defendant; and Williamson appealed.

Williamson, who was 52 years of age and a carpenter by trade, testified that he went into the store between 1:30 and 2:00 o'clock in the afternoon of October 31, 1957, to buy Coping Saw Blades. After making the purchase, as he was walking along an aisle, about four and one-half feet wide, toward the front door, he stepped on a banana peeling, fell to the floor, and was painfully and substantially injured. The peeling was black. It was not fresh and had been off of the banana for some-time. Several pieces of the peeling were lying in the aisle, where he had fallen, and he picked off a part of the peeling which had stuck to the bottom of his shoe.

John Swanigan, in the store at the time, saw Williamson as he fell upon the floor and helped to pick him up. He said that the man slipped on a banana peeling as he was walking toward the front of the store. About half of the peeling lying there, appeared to have been stepped on, and the marks were still on the tile floor. It was on the left side of the aisle, going out, and, in his opinion, had not been there "too long".

R. L. Dillon, manager of the store, called as an adverse witness, admitted that he found on the floor the banana peeling that Williamson claimed to have slipped on, and that it was old, dark in color, and in one large and two small pieces. There was a dirty spot, about five inches in diameter and two or three feet from the peeling, where someone perhaps had spilled water and the dust accumulated. He testified to the following custom: Upon closing the store in the evening, the porters sweep the floors clean. About 8:30 in the morning, they sweep behind the counters and pick up trash. Between 10:00 and 10:30 A.M. they go through the aisles and pick up trash or anything on the floor; and sometime between 1:00 and 3:00 o'clock in the afternoon, depending on the condition of the floor, they make an inspection and sweep up trash. Bananas were not sold in the store, but banana splits are served in the food departments, one in the front and the other in the rear. However, the bananas are peeled at the counter, and the peelings are then placed in garbage cans and dumped each night. The distance between the food department and the place where Williamson fell was about fifty feet. The so-called noon rush lasted from 11:00 A.M. until 2:00 P.M. He admitted that he secured a cab and sent Williamson to a doctor. In his direct examination, he also testified to certain matter in defense of the action, but which it is not necessary to detail here.

A doctor testified to the extent of the injury, together with the amount of the charge for his services.

■■ ■ The applicable principle in this cause is succinctly stated in 65 C. J. S., Negligence, Section 51, page 545, as follows: ''In order to impose liability for injury to an invitee, the dangerous condition must have been known to the owner or occupant or have existed for such time that it was his duty in the exercise of ordinary care to know of it.'' The two cases of Yazoo & M. V. R. Co. v. Hawkins, 159 Miss. 775, 132 So. 742, and 163 Miss. 505, 140 So. 873, while involving the liability of carriers, announced the same rule as stated above.

The appellee contends that, under the numerous authorities cited by it, and especially Wallace v. J. C. Penney Co., Inc., (Miss.) 109 So. 2d 876, in which several prior decisions of this Court were reviewed, the trial court was warranted in granting the directed verdict. That case, however, was submitted to the jury, and it found a verdict for the storekeeper. Although an instruction for the appellee was held to be improper, the court said that it did not constitute reversible error. From a consideration of the whole record, the peremptory instruction would have been properly given and Rule 11 of this Court was cited. In other words, the right result was reached, the Court saying: ''The wet and dirty condition of the floor of the foyer was caused by the continuing rains and by public use of the entranceway. It was not caused by appellee, and the evidence does not indicate any failure by appellee in its duty to maintain its premises in a reasonably safe condition, under the circumstances prevailing at the time. Since the verdict and judgment was for the company, the right result was reached.'' Without attempting to give an analysis of the other cases, it is enough to say that the facts and circumstances therein were somewhat different from the facts in the present case.

In Hales v. Safeway Stores, Inc., 276 P. 2d 118, a California case (1954), Mrs. Hale, a customer, slipped on a banana and fell. Upon regaining consciousness she

saw "a squashed banana on the floor, a mark on the floor which her shoe had made and banana on her dress, shoe and hose." She, of course, did not know how long the banana had been on the floor, or how it got there, and there was "no direct evidence as to the length of time the banana had been on the floor." The record showed that "no inspection of the area had been made for a period of from 12, 15, 30 or more minutes before the accident." The manager went to the scene immediately and saw the banana on the floor. He said it had "some small teeth marks in one end" but it had not been peeled. From this it was contended that a small child, trying to bite into the fruit, and failing, must have dropped it on the floor. But there was "no evidence of any children in the store". The trial court, at the close of the plaintiffs' evidence, granted the defendant's motion for a nonsuit. The District Court of Appeal, in reversing the judgment, cited Louie v. Hagstrom's Food Stores, 81 Cal. App. 2d 601, 184 p. 2d 708, as follows: "The true rule is that, while plaintiff must prove that the defective condition existed long enough so that by the use of reasonable care it should have been discovered and remedied, that fact, like other facts, may be proved by circumstantial as well as by direct evidence. It is generally a question of fact for the jury as to whether, under all the circumstances, the defective condition existed long enough so that a reasonable man exercising reasonable care would have discovered it." See Matthews v. Thompson, (Miss.) 95 So. 2d 438, and authorities there cited.

In Dillon v. Wallace, 306 P. 2d 1044, another California case, the customer's fall was caused by slipping on a piece of parsley on the floor. This occurred about 10:10 A.M. and there had been no inspection since 8:00 A. M. On that account the court said that a question of fact was presented for the jury as to whether the defendant exercised ordinary care. See also McKenney v. Quality

Foods, Inc., 319 P. 2d 448. Of like effect is Morris v. King Cole Stores, Inc., 45 A. 2d 710, a Connecticut case.

In Moore v. American Stores Co., 182 A. 436, a Maryland case, the customer fell because of a greasy floor, and what appeared to be a piece of bacon was on her shoe following the fall. The evidence was held to be sufficient to impute constructive notice to the storekeeper.

In Hudson v. F. W. Woolworth Co., 176 N. E. 188, a Massachusetts case, it was held that the jury was warranted in finding that the customer's injury was caused by a piece of candy on the floor and that, from its appearance, sufficient time elapsed for the defendant to have found and removed it. See also White v. Mugar, 181 N. E. 725, another Massachusetts case, where the vegetable leaves, which caused the fall, had been on the floor about one hour. See also Berube v. Economy Grocery Stores, 51 N. E. 2d 777, another Massachusetts case.

In Hogan v. S. S. Kresge Co., 93 S. W. 2d 118, a Missouri case, where the ice cream upon which the customer slipped and fell, had been on the floor only fifteen minutes, it was held that the jury was entitled to say whether the storekeeper had sufficient time to discover and remove it. Likewise in Fox v. Ben Schechter & Co., 13 N. E. 2d 730, an Ohio case, where the decayed fruit or vegetable matter had been on the floor for fifteen to twenty minutes or more. See also S. H. Kress & Co. v. Selph, 250 S. W. 2d 883, a Texas case.

In Great Atlantic & Pacific Tea Co. v. Popkins, 69 So. 2d 274, an Alabama case, the appellee, in leaving the grocery store, slipped on a lettuce leaf and tripped on a bag of groceries and was injured. The Court said that, since the lettuce leaf was shown to have been ''dirty, crumpled and mashed'', the jury ''could find from that condition that it had been on the floor long enough to have raised a duty on defendant to discover and remove it'', and that the question was properly submitted to the

jury. See also Great Atlantic & Pacific Tea Co. v. Weems, 96 So. 2d 741, another Alabama case, of like effect and of like result.

■ ■ The trial court, in passing on whether the requested peremptory instruction should be given, was required to accept as true all of the evidence for the plaintiff, together with the reasonable inferences therefrom. Hollingsworth v. Blaine, 107 So. 2d 93.

■ ■ Following this rule, what result, it may be asked, can be reasonably reached? The plaintiff slipped and fell on a banana peeling lying on the floor of the aisle over which he was walking. It was "black" and had been "off the banana for sometime". Customarily the aisles would have been cleaned between 10:00 and 10:30 o'clock that morning; and, while it was the custom for the employees to go over the aisles and pick up trash, etc., between 1:00 and 3:00 o'clock in the afternoon, and also to be on the alert at all times, the record does not in fact disclose whether this was actually done on that occasion, or the nature thereof. If the peremptory had been refused, the appellee would have had its opportunity to make a full disclosure in that regard. During the rush hour, from 11:00 A. M. until 2:00 P. M., when many people were going into and out of the store, it should be expected that customers would drop in the aisles objects or materials perhaps hazardous to others. For that reason, ordinary or reasonable care could seem to require more frequent inspections during that time. Besides, bananas were not sold in the store. Only "splits" were served. Since patrons could not obtain whole bananas in the store, a jury might reasonably believe that an employee of the store had dropped this particular peeling.

Inasmuch as the evidence for the appellant was to the effect that he fell because of slipping on the banana peeling, and that the same was in the aisle either because of the act of a person for whom the appellee was respon-

sible, or for a sufficient length of time for it to have discovered and removed the same in the exercise of due care, the Court is of the opinion that the requested peremptory instruction should have been refused.

For the error in granting the directed verdict, the cause is reversed and remanded.

Reversed and remanded.

*McGehee, C. J.,* and *Hall, Arrington* and *Ethridge, JJ.,* concur.