### 18860

Hazel M. WIMBERLEY, Respondent v. WINN-DIXIE GREENVILLE, INC., Appellant

(165 S. E. (2d) 627)

*Messrs. Horger & Horger,* of Orangeburg, *for Appellant,*

*Furman R. Gressette, Esq.,* of St. Matthews, *for Respondent,*

January 16, 1969.

LITTLEJOHN, Justice.

This action was brought by the plaintiff to recover damages for personal injuries sustained as the result of slipping and falling on the floor of the self-service store operated by the defendant. Admittedly there was some rice on the floor in one of the aisles where this plaintiff was shopping with a grocery pushcart furnished by the defendant.

The jury found a verdict for the plaintiff. The trial judge denied defendant's motions for nonsuit, for a directed verdict, and for judgment notwithstanding the verdict.

The complaint alleged, *inter alia,* that the defendant was negligent in permitting the rice to be placed or to be on the floor, in failing to warn the plaintiff of the presence of the rice or the probability thereof, in failing to properly inspect the floor and remove the rice therefrom, in failing to provide an attendant at such location to check broken containers and thereby avoid rice and other substances being on the floor, and in furnishing shopping buggies to its customers which obstruct view of the floor immediately in front of the customer.

By answer the defendant denied the material allegations of the complaint and alleged contributory negligence on the part of the plaintiff.

Defendant's only exception on appeal charges that the presiding judge erred in submitting the case to the jury and should have directed a verdict because there was no testimony from which a reasonable inference could be drawn of any negligence by the defendant proximately causing injury to the plaintiff. Plaintiff challenges the sufficiency of the exception, contending that it is too general. We are of the opinion, however, that the point cannot be sustained inasmuch as the gist of the defendant's position is that there is an absence of the required evidence in this case where the burden of proof is on the plaintiff.

A review of the transcript indicates that the store of the defendant is a typical modern supermarket, the display area being about 60 feet wide and about 80 feet long. Goods are shelved on racks arranged back to back and referred to as "battleships." The customer selects his own purchases, places them in a pushcart, and pays for them on the way out at the cashier's desk in the front of the store.

Plaintiff's fall occurred between 10 and 11 a. m. on a Wednesday morning. The defendant's store closes at 1 o'clock on Wednesday and business activity on the morning involved was minimal. There were four employees in the store at the time of the fall; they were a temporary acting manager, a meat market manager, a produce manager and a cashier.

On the morning in question the store was swept shortly before 8 o'clock. The store offers rice already packaged for sale. It is displayed and shelved at a location well removed from the place of the fall. The store has a variegated colored floor, a large part of which is white, and upon which rice may be rather difficult to detect.

It is admitted that rice was on the floor at the place where the plaintiff fell. The plaintiff does not contend that there is any evidence that an employee of the store placed it there, nor is it argued that there is evidence that any employee had actual knowledge of its presence.

There is testimony that quite a number of customers had shopped in the store before the time the plaintiff fell, and that 100 to 150 shopped before closing at 1 o'clock. At the trial three years after the fall none of the employees who testified could definitely say whether any other customers had preceded the plaintiff down the aisle where the injury took place.

> ■ It has long been settled in South Carolina, and indeed in most jurisdictions, that one who operates a store is not an insurer of the safety of its customers,

the duty owed them is rather the duty of exercising ordinary care to keep parts of the store as are ordinarily used by customers in a reasonably safe condition. *Gilliland v. Pierce Motor Company,* 235 S. C. 268, 111 S. E. (2d) 521 (1959); *Hunter v. Dixie Home Stores,* 232 S. C. 139, 101 S. E. (2d) 262 (1957); *Anderson v. Belk-Robinson Company,* 192 S. C. 132, 5 S. E. (2d) 732 (1939).

This duty was restated by this court in the case of *Anderson v. Belk-Robinson Company, supra,* wherein we held that in order to hold a merchant liable for injuries caused by some defect in the premises, there must be evidence tending to show that he or his agents knew or should have known, by the exercise of reasonable diligence, of the defect (in this case rice on the floor).

Then in *Hunter v. Dixie Home Stores, supra,* this court again canvassed the authorities on the question and reaffirmed the rule applied in *Anderson.*

In passing on the denial of a directed verdict this court must of course consider all the testimony and the inferences therefrom in the light most favorable to the plaintiff. The burden, however, was on the plaintiff to show that the defendant or its agents knew or should have known that the rice was on the floor and was thereby making the aisle a hazard to customers, and in our opinion the plaintiff has not carried this burden.

Under our cases in order for a customer to prevail as plaintiff in a case of this kind it must be shown (1) that the material on the floor was placed there through an agency of the store, or (2) that the merchant had notice of its presence. This notice may be actual or constructive. Constructive notice may be proved by showing in this case that the rice had been on the floor sufficiently long that the defendant should have discovered it. The only real issue in this case is whether the plaintiff has submitted evidence that the defendant had constructive notice.

A search of the record fails to reveal any evidence showing how long the rice had been on the floor. The store had been swept just before opening at 8 a. m., and the fall occurred between 10 and 11 a. m. in an area adjoining the produce area. The produce manager testified that although he went to the back of the store from time to time to procure goods from a storage area, he passed over the point where the fall occurred every ten or fifteen minutes and was stationed in the immediately adjacent produce area the entire morning. He saw no rice on the floor prior to the fall.

Mr. Boykin, in charge as assistant manager, testified that he walked up and down the aisle before the opening of the store and several times during the day. He did not see rice on the floor prior to the fall.

In addition to relying upon the law of this state counsel for plaintiff cites the case of *Carl's Markets, Inc. v. DeFeo,* 55 So. (2d) 182 (Fla. 1951) in substantiation of his position. In written brief it is argued that the store premises were not kept in a reasonably safe condition because of insufficient personnel, inadequate inspection, inadequate floor maintenance, appellant's pushcart obstructing view, and use of variegated floor. Plaintiff argues "The circumstances amply support the theory that appellant had constructive notice of the rice being on the floor and did nothing about it." The Florida court has adopted a standard of care different from that enunciated in our cases. The tendency of the Florida cases is to eliminate the necessity of proof of actual or constructive notice. Such is not the rule in this state.

No evidence is pointed out which reasonably tends to prove that the rice was on the floor at any particular time prior to the actual fall. The jury should not be permitted to speculate that it was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it.

From a review of the entire evidence we conclude that the plaintiff has failed to carry the burden of proof and judgment for refendant shall be forthwith entered in keeping with Rule 27.

Reversed.

Moss, C. J., and CLARENCE E. SINGLETARY, Acting Associate Justice, concur.

BUSSEY and LEWIS, JJ., dissent.

BUSSEY, Justice (dissenting) :

The principles of law governing liability in a case of this kind are reasonably well settled, not only in this state, but in most other jurisdictions. Difficulty is oft encountered, however, in the application of these principles to the facts and circumstances of a particular case.

There is, admittedly, no direct evidence as to precisely how, or when, the rice, which caused the injury to the plaintiff, fell upon defendant's floor, but it is well settled in this state that, while the doctrine of *res ipsa loquitur* is not recognized, negligence may, nevertheless, be proved by circumstantial evidence. When liability of a defendant, if any, is predicated upon constructive notice, as is the case here, the instances are, indeed, rare in which a plaintiff can prove constructive notice by other than circumstantial evidence, regardless of how grossly negligent the storekeeper may have been.

The pivotal question here is whether there was evidence from which the jury might reasonably infer that the defendant, by the exercise of reasonable diligence, should have known of the hazard on the floor which caused the injury to the plaintiff. In determining this question, it is elementary that all of the evidence and the inferences reasonably deducible therefrom have to be viewed in the light most favorable to the plaintiff. Certain additional facts and reasonable inferences therefrom should be stated in such light.

As far as the record discloses, the defendant, at the time, had on duty only two employees who had any duties to perform, or reason to be, in the particular area of the store; one being the assistant manager, Boykin, and the other being the produce manager, Ott. The cashier's duties were naturally at the front of the store, and Garrick, the manager of the meat market, worked behind a counter at the rear of the store and the adjacent storage areas.

The rice upon the floor, whenever and however it got there, was not placed there by plaintiff, and was of sufficient quantity that it had to be swept up after the accident. Boykin, the assistant manager, testified that Wednesday was a "slack day"; that he walked down the particular aisle before the store opened that morning and several times in the course of the day, but that he had no recollection of doing so at any specific time. He admitted that due to the coloring of the floor he could have passed the rice without seeing it. With respect to any customer traffic in the store that particular morning, Ott, the produce manager, testified that it was, "Well, about the quietest, one of the quietest, yes, sir." Wednesday morning being a very quiet one, a part of the time of the personnel was devoted to making preparations for Thursday, the first big day of the weekend trade.

Ott was in immediate charge of and had the duty of keeping clear the area where plaintiff was injured. While he testified that he inspected or patrolled such every ten or fifteen minutes, examining the floor like a hawk, and that he was employed in the same capacity, he did not on the stand know either the color or design of the floor. He wore bifocal glasses, but did not claim to be color blind. At the time of the injury, plaintiff was the only person in that particular area of the store. Boykin's whereabouts at the moment is not disclosed, but Ott was in the storage room at the rear. Plaintiff's fall made a terrific noise and the only people who came to her rescue were first Ott and Boykin, Ott coming from the rear and Boykin from some other part of the store.

The plaintiff had entered the store a substantial period of time before her fall, and prior thereto had shopped for and placed in her pushcart eight or ten packages. There is no suggestion in the record that there were any other customers in the store at the time of the fall, for that matter, during the entire period of time that plaintiff was in the store.

In overruling the defendant's motion for a nonsuit, the trial judge was of the view, and I agree, that it could be reasonably inferred from the evidence that there were no other customers in the store during the whole time that the plaintiff was there, and that under all of the circumstances it was a jury issue as to whether the rice had been there for a sufficient length of time for the defendant, in the exercise of reasonable care, to have discovered it.

In an announced effort to induce the trial judge to arrive at a different ruling on the later motion for a directed verdict by the defendant, testimony was adduced from the manager of the meat market to the effect that some one hundred to one hundred fifty customers came into the store on that particular morning during the five hour period it was open. He did not testify, however, that any customers were in the store at the time of, or shortly before, the accident. An analysis of his uncorroborated testimony would indicate that his estimate was a pure belated guess, and the trial judge and the jury were warranted in giving it little weight or effect.

Research discloses to the writer no case factually in point with the instant case. A few, but not nearly all, of the many cases dealing with the sufficiency of evidence to give rise to a reasonable inference of constructive notice are collected in an annotation in 61 A. L. R. (2d) 129. Certain others are contained in the footnotes to the 3d Ed. of Prosser on Torts, 216, notes 86, 87. In *Moore v. Ameriran Stores*, (1936) 169 Md. 541, 182 A., 436, 440, the court, with respect to constructive notice, said,

"What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, the opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions."

In the fairly recent case of *Garrett v. National Tea Co.,* 12 Ill. (2d) 567, 147 N. E. (2d) 367 (1958), the court said,

"There is no arbitrary rule as to the length of time an obstruction must be on the floor before constructive knowledge will be presumed."

The basic rule of liability appears to be the same in Illinois as it is in this and most other jurisdictions, and under the circumstances of the particular case, the court held that there was sufficient evidence to support a reasonable inference of constructive notice. There, as here, the injury occurred on a slack day, with respect to which the court said,

"There was, therefore, a better opportunity for defendant's employees to exercise ordinary care to discover and remove the obstruction in question."

The time element involved in that case was, at least inferentially, less than the time involved in the instant case. There the obstacle was near the exit, but was not there when the injured customer entered the store. She, just as the plaintiff here, was in the store long enough to select a cart, wheel it about through the shopping area, and complete the selection of her purchases. Unlike the instant case, the customer had already been checked out and paid for her groceries.

In *Hudson v. F. W. Woolworth Co.,* (1931) 275 Mass. 469, 176 N. E. 188, there was only circumstantial evidence as to constructive notice of a piece of candy on the floor of the store, which caused the injury. In holding such sufficient, the court commented,

"There was something on which to base a conclusion that the candy had not been dropped a moment before by a customer,"

In the instant case it rather clearly appears that the rice had not been dropped a moment before by a customer. It was only natural, under the circumstances, that the plaintiff was unable to prove the precise moment at which the rice reached the floor of the defendant, and such precise moment is a matter of speculation. Under all of the circumstances, however, viewed favorably to the plaintiff, as we must do, no speculation is involved in arriving at the logical, reasonable inference from the evidence that the injury producing rice had been upon the floor for quite a substantial period of time prior to the injury. The evidence was sufficient to warrant the jury in so finding, and it was for the jury to determine whether, under all of the disclosed circumstances, the defendant, in the exercise of ordinary care and the discharge of its duty to plaintiff, should have discovered and remedied the hazard. I would affirm the judgment of the lower court.

Lewis, J., concurs.