19296

Maude ANDERSON, Respondent, v. WINN-DIXIE GREENVILLE, INC., Appellant

(184 S. E. (2d) 77)

BUSSEY, J., filed dissenting opinion in which Lewis, J., concurred.

*Messrs. Fulmer, Berry & Alford,* of Columbia, *for Appellant,* cite:

*Isodore E. Lourie, Esq.,* of Columbia, *for Respondent,* cites:

October 6, 1971.

BRAILSFORD, Justice.

This is an appeal by defendant from a judgment for plaintiff in her action to recover damages for personal injuries sustained when, while shopping in defendant's store, she slipped on a fragment of banana peel and fell. The primary question on appeal is whether the evidence raised a submissible issue as to actionable negligence.

It is settled law that a merchant is not an insurer of the safety of a customer in his store. His duty is to exercise due care to keep his premises in reasonably safe condition. Proof that a dangerous condition of the floor existed because of the presence of some foreign matter thereon is insufficient, standing alone, to support a finding of negligence. Unless it is inferable from the evidence that the storekeeper was responsible for creating the hazard, knowledge of its existence, either actual or constructive, is essential to recovery against him. The defendant will be charged with constructive notice whenever it appears that the condition has existed for such length of time prior to the injury that, under existing circumstances, he should have discovered and remedied it in the exercise of due care; conversely, absent evidence of such preexistence, the defendant may not be so charged. *Hunter v. Dixie Home Stores,* 232 S. C. 139, 101 S. E. (2d) 262 (1957); *Gilliland v. Pierce Motor Co.,* 235

S. C. 268, 111 S. E. (2d) 521 (1959); *Wimberley v. Winn-Dixie Greenville, Inc.*, 252 S. C. 117, 165 S. E. (2d) 627 (1969); *Pennington v. Zayre Corp.*, 252 S. C. 176, 165 S. E. (2d) 695 (1969).

The accident occurred at about 10:30 A. M. on a Friday morning. The store, located on North Main Street in the City of Columbia, had opened at 8:30. This was normally a busy time. There is no testimony on the point as to the particular morning. As plaintiff progressed through the store, she selected various items and placed them in a cart. Upon arriving at the produce section, she slipped and fell to the floor, thereby sustaining the injuries for which she seeks damages. After falling, she saw that she had stepped upon a small fragment of banana peel. It is conceded that the presence of this object upon the floor caused her to fall. She does not contend that the hazard was created by anyone for whose conduct defendant is responsible. Therefore, under the principles which have been stated, plaintiff had the burden of proving either that those conducting defendant's business knew the peeling was on the floor in time to prevent plaintiff's injury, or, that in the exercise of due care, they should have known of it.

Plaintiff contends that this burden was met by inferences reasonably to be drawn from a statement attributed by her to defendant's produce manager, who saw her fall and came to her assistance. We quote: "Q. And the employee that helped pick you up, did he say anything after he had helped pick you up? A. He helped me up off the floor and he said we should have had this place cleaned up but we just hadn't got around to it yet." Since the record is barren of any other evidence tending to fasten actual or constructive knowledge upon defendant, the whole issue depends upon the sufficiency of the employee's statement, viewing it and any inferences which may reasonably be drawn therefrom in the light most favorable to plaintiff, to raise a submissible issue as to whether defendant knew of the hazard, or in the exercise of reasonable care should have discovered it.

We find nothing in the statement upon which to rest an inference that the employee knew, prior to plaintiff's fall, that the peeling fragment was on the floor. Plaintiff contends that his acknowledgement that the place *should have* been cleaned up indicates prior knowledge of the hazard. But this is entirely implausible. The banana peel was the only bit of debris seen by any witness, including plaintiff, after her fall. If this employee had discovered it before, his simple duty to pick it up would have been exactly the same whether or not, otherwise, the area *should have* been cleaned up. Perhaps this spur of the moment statement, if made by the produce manager, as we must assume, was prompted by chagrin that a lady customer should have slipped on a banana peel in the aisle of his department and was intended to assuage her embarassment. But whatever may have prompted the statement, we find no inconsistency between what he then said and his sworn testimony disclaiming that, prior to plaintiff's fall, he had any knowledge of the injury-producing hazard. Nor does this statement have any tendency to establish such actual preexistence of the hazard as would support a finding of constructive knowledge.

We find no decision by this court on analogous facts. The following cases from other jurisdictions in which plaintiff unsuccessfully relied upon the post-accident statement of an employee as supporting an inference of notice, tend to support our conclusion: *O'Leary v. Smith,* 255 Mass. 121, 150 N. E. 878 (1926) ; *F. W. Woolworth Co. v. Goldston,* 155 S. W. (2d) 830 (Tex. Civ. App. 1941) ; *Varner v. Kroger Grocery & Baking Co.,* 75 S. W. (2d) 585 (Mo. App. 1934) ; *Uelentrup v. Switzerland Stores, Inc.,* 164 S. W. (2d) 650 (Mo. App. 1942). Compare *Hewitt v. Katz Drug Co.,* 199 S. W. (2d) 872 (Mo. App. 1947). in which the court was justified in concluding that the post-accident statement reasonably supported the inference that defendant had prior knowledge of the hazard.

Plaintiff described the peeling as about an inch long, "black and withered up." The produce manager agreed that

it was black and conceded that it may have been "sort of mushed up." Plaintiff has made no argument that this testimony raises an inference that the peeling had been on the floor for a considerable time, and properly so. It is common knowledge that black splotches not infrequently appear on the skin of even sound fruit of this variety. The phrases "withered up" and "mushed up", which were applied to the appearance of the small bit of peeling after it has been stepped upon by plaintiff, are equally insignificant.

Plaintiff apparently argues that defendant's unexplained failure to call as a witness the employee assigned to sweep the floor on the night before plaintiff's injury raises adverse inferences, which support submission of the case to the jury. If so, she misconceives the force and effect to be given such inferences, which are not substantive evidence, and may not relieve a party of the necessity of proving his case or defense. 29 Am. Jur. (2d), Evidence, Sec. 187 (1967).

Reversed.

Moss, C. J., AND LITTLEJOHN, J. concur.

LEWIS AND BUSSEY, JJ., dissenting.

BUSSEY, Justice (dissenting).

When all of the evidence and the inferences reasonably deducible therefrom are viewed in the light most favorable to the plaintiff, I conclude that the instant case was properly submitted to the jury and, accordingly, dissent.

Certain additional pertinent facts should, I think, be stated. Plaintiff did not observe any debris on the floor, other than the piece of banana peel, but did observe dirt and what "looked like water around the stand." From Monday through Thursday the floor of the store was cleaned only every night, but such was cleaned from time to time, as needed, on Fridays and Saturdays and, apparently, on the particular occasion had not been cleaned since the previous night.

It has been held that descriptions of banana peelings, similar to the descriptions here given, were sufficient to give rise to a reasonable inference that the peelings had been there long enough for reasonable care to require defendants to discover and remove such. *Anjou v. Boston Elevated Ry. Co.*, 208 Mass. 273, 94 N. E. 386; *Williamson v. F. W. Woolworth Co.* (1960), 237 Miss. 141, 112 So. (2d) 529. But even if it be conceded that the appearance of the banana peel, as described by the witnesses in the instant case, was insufficient, standing alone, to give rise to such an inference, nevertheless, it is, I think, a circumstance to be considered with other circumstances in determining the sufficiency of the evidence.

The statement made by the produce manager gives rise to more than one reasonable inference as to what he meant or had in mind, but I think no inference consistent with due care on the part of the defendant for the safety of its customers. It is important to note that the statement was made with reference to what had just happened and with knowledge of the appearance of the banana peel which admittedly caused the fall. Since he spoke with such reference, it is a fair and reasonable inference that he did have knowledge of the peeling on the floor and that such prompted him to make the statement. *Hewitt v. Katz Drug Co., Inc.,* 199 S. W. (2d) 872 (Mo. App. 1947). Another reasonable inference is that, from the apperance of the banana peel, the produce manager concluded that it had been on the floor sufficiently long that such would have been discovered and removed had the place been cleaned up when it "should have". Only slightly differently stated, another reasonable in ference is simply that from all of the circumstances the produce manager concluded that but for the defendant's failure to more promptly and properly clean the place, the plaintiff most probably would not have been injured. It was for the jury to determine the proper inference to be drawn from his statement.

Lewis, J., concurs.