39 F.3d 1176
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Barbara L. DUETY, Plaintiff-Appellant,
v.
EMRO MARKETING COMPANY, d/b/a Starvin Marvin, a Delaware
Corporation, Defendant-Appellee.
 No. 93-2235.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 20, 1994.
Decided Oct. 25, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Beaufort. Dennis W. Shedd, District Judge. (CA-91-619-9-19)
 Daniel E. Henderson, Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., Ridgeland, SC, for appellant.
 G. Richardson Wieters, John W. Minor, Jr., Hughes & Wieters, P.A., Hilton Head Island, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON and MOTZ, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Barbara L. Duety appeals from the district court's order granting summary judgment to Emro Marketing Company (Emro) in her personal injury suit. Duety slipped and fell when she entered one of the Defendant's Starvin Marvin convenience stores in Hardeeville, South Carolina. She sued, claiming that Emro negligently failed to keep the floor in a safe, dry condition and that it failed to adequately warn her of the danger.
 
 
 2
 The facts as presented by Duety were as follows. On November 2, 1989, Duety, her husband, and her parents, were travelling by car from Florida to North Carolina. They stopped at a Starvin Marvin convenience store in Hardeeville, South Carolina, to get gas and to use the restroom. Duety, the second to enter the store, slipped and fell because she "hit a wet floor." However, none of the parties could remember seeing any water on the floor. Duety's mother stated that she did not see any water on the floor; rather she "assumed that it was [wet]" because her daughter fell. She did see a small sign but could not recall what it said. Duety's mother also stated that she saw an employee mopping the floor in the back of the store. Her father did not recall seeing anyone mopping the floor but he did remember seeing a wet floor sign. Duety claimed that she did not see the warning sign, although she did not dispute that it was present. She also stated that there was nothing obstructing her view of the sign, she was just not looking in that direction.
 
 
 3
 Although there was some dispute as to whether it was raining at the time Duety arrived at the store, Duety and her family all stated that it had been raining on and off during their drive shortly before they arrived at the store. It was also undisputed that there were two safety mats (each measuring three feet by five feet) located immediately inside the doors to the store. One of the two Emro employees on duty the day of the accident stated that no one else had fallen or complained about the floor being slippery prior to Duety's fall. She also stated that it was the store's policy to put up the "Wet Floor" sign whenever the floor was mopped or if it was raining outside and that it was up the day of the accident because of rain. On this evidence, the district court granted summary judgment to Emro, finding that under South Carolina law, Emro had not been negligent. Duety appeals.
 
 
 4
 Summary judgment is only appropriate where the record taken as a whole would not allow a rational trier of fact to find for the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). All facts and reasonable inferences must be viewed in the light most favorable to the nonmovant. Cole v. Cole, 633 F.2d 1083, 1092 (4th Cir.1980). With this standard in mind, we find that the district court properly granted summary judgment to Emro.
 
 
 5
 The duty owed by a merchant in South Carolina is to exercise ordinary care to keep his premises in a reasonably safe condition. Wimberley v. Winn-Dixie Greenville, Inc., 165 S.E.2d 627, 628 (S.C.1969) ("It has long been settled in South Carolina ... that one who operates a store is not an insurer of the safety of its customers, the duty owed them is rather the duty of exercising ordinary care to keep parts of the store as are ordinarily used by customers in a reasonably safe condition."). A customer who seeks to recover for injuries sustained in a fall caused by a foreign substance on a storekeeper's floor must prove the storekeeper had actual or constructive notice the foreign substance was on the floor. Calvert v. House Beautiful Paint & Decorating Ctr., Inc., 443 S.E.2d 398 (S.C.1994); Duety conceded that Emro had no actual notice of the presence of water on its floor.
 
 
 6
 Constructive notice may be proved by showing that a foreign substance had been on the floor sufficiently long that the storekeeper should have discovered it. Wimberley, 165 S.E.2d at 629. Here there was no testimony from anyone that there was even water on the floor. Even assuming there was, however, Duety failed to show how long the water had been there. See Id. at 629. ("The jury should not be permitted to speculate that [the foreign substance] was on the floor for such a length of time as to infer that defendant was negligent in failing to detect and remove it.") The mere fact that the substance was on the floor is insufficient standing alone to charge the storekeeper with negligence. Anderson v. Winn-Dixie Greenville, Inc., 184 S.E.2d 77 (S.C.1971). Therefore, Duety failed to show that Emro had constructive notice of any water on the floor.
 
 
 7
 The district court judge based his decision on Young v. Meeting Street Piggly Wiggly, 343 S.E.2d 636 (S.C. Ct.App.1986). In that case, the plaintiff had slipped and fallen on water near the store's entrance. It had been raining heavily all day and employees had been mopping every five to ten minutes. Two yellow mop buckets with "Wet Floor" printed on their sides, and two safety mats were placed at the store's entrance. The South Carolina Court of Appeals held that on this evidence the trial court had committed reversible error by allowing the case to go to the jury because Piggly Wiggly had taken reasonable steps to remove excess water from its entrance. Here, Emro's employees took the same precautions except that they had not mopped the floor because they did not see any water.
 
 
 8
 Therefore, we affirm the district court's order granting summary judgment to Emro. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.