**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Anne Lytle and Paris Lytle, Appellants,

v.

Bi-Lo, LLC, Respondent.

Appellate Case No. 2013-001550

———————

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-027
Heard November 12, 2014 – Filed January 14, 2015

———————

**AFFIRMED**

———————

H. Wayne Floyd, of Wayne Floyd Law Office, and Frank Anthony Barton, both of West Columbia, for Appellants.

Jason Phillip Luther and Peter E. Farr, both of Murphy & Grantland, P.A., of Columbia, for Respondent.

———————

**PER CURIAM:** Appellants Anne and Paris Lytle appeal the trial court's order granting Respondent Bi-Lo's motion for summary judgment. They contend the trial court erred in granting Bi-Lo's motion because there was a genuine issue of material fact regarding whether Bi-Lo created the dangerous condition that injured

Anne Lytle.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  Rule 56(c), SCRCP (stating that summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Felder v. K-Mart Corp.*, 297 S.C. 446, 450, 377 S.E.2d 332, 334 (1989) ("It is established in South Carolina that a merchant is not an insurer of the safety of its customers but rather owes its customers the duty to exercise ordinary care to keep the premises in a reasonably safe condition." (citation omitted)); *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001) ("To recover damages for injuries caused by a dangerous or defective condition on a storekeeper's premises, the plaintiff must show either (1) that the injury was caused by a specific act of the defendant [that] created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." (citations omitted)); *Anderson v. Winn-Dixie Greenville, Inc.*, 257 S.C. 75, 77, 184 S.E.2d 77, 77 (1971) ("Proof that a dangerous condition of the floor existed because of the presence of some foreign matter thereon is insufficient, standing alone, to support a finding of negligence."); *Fletcher v. Med. Univ. of S.C.*, 390 S.C. 458, 463, 702 S.E.2d 372, 374 (Ct. App. 2010) ("South Carolina does not recognize the doctrine of *res ipsa loquitur*." (citation omitted)).

**AFFIRMED.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**