**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Gwendolyn Lockett, Appellant,

v.

Barnyard Flea Market of Greer, LLC and Jane Doe, Defendants,

of which Barnyard Flea Market of Greer, LLC is the Respondent.

Appellate Case No. 2022-001649

Appeal From Spartanburg County
Shannon Metz Phillips, Master-in-Equity

Unpublished Opinion No. 2025-UP-090
Submitted February 1, 2025 – Filed March 19, 2025

**AFFIRMED**

Robert Jamison Tinsley, Jr., of Greenwood, for Appellant.

Claude Townsend Prevost, III, Kelsey Jan Brudvig, and Henry Dargan McMaster, Jr., all of Collins & Lacy, PC, of Columbia, for Respondent.

**PER CURIAM:** In this negligence action, Gwendolyn Sheryl Lockett appeals the trial court's grant of summary judgment in favor of Barnyard Flea Market of Greer, LLC. On appeal, Lockett argues the trial court erred in granting summary judgment because evidence in the record showed Barnyard had constructive notice of a dangerous condition on its premises, which it failed to remedy. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Lockett, we hold the trial court properly granted summary judgment[1] because there is no evidence in the record to create a genuine issue of material fact as to whether Barnyard had constructive knowledge of a dangerous condition and failed to remedy it. [2] *See Holst v. KCI Konecranes Intern. Corp.*, 390 S.C. 29, 35, 699 S.E.2d 715, 719 (Ct. App. 2010) ("When reviewing the grant of a summary judgment motion, the appellate court applies the same standard of review as the trial court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]."); *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 459, 892 S.E.2d 297, 299 (2023) (finding under Rule 56(c), SCRCP, "the moving party is entitled to summary judgment 'if the [evidence before the court] show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law'" (alteration in original)); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."). We find Lockett, an invitee, failed to present evidence showing that Barnyard had constructive knowledge of a dangerous condition and failed to remedy it. *See Hurst v. E. Coast Hockey League, Inc.*, 371 S.C. 33, 37, 637 S.E.2d 560, 562 (2006) ("To prove negligence,

---

[1] We note that the trial court cited the "mere scintilla" of evidence standard of review under *Hancock v. Mid-South Mgmt.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009); however, our supreme court overruled this standard of review in *Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 892 S.E.2d 297 (2023), in the years following the trial court's decision in the instant case. In ruling on this case, we have applied the genuine issue of material fact standard as set forth under *Kitchen Planners, LLC. See Gray v. Club Grp., Ltd.,* 339 S.C. 173, 183-84, 528 S.E.2d 435, 440-41 (Ct. App. 2000) (finding a circuit court's application of the wrong standard of review was harmless when the application of the correct standard of review produced the same result).

[2] We note that Lockett does not appeal whether Barnyard created a dangerous condition or had *actual* knowledge of one. Therefore, we have limited our review to whether Barnyard had constructive knowledge of a dangerous condition.

a plaintiff must prove the following elements: (1) a duty owed to the plaintiff by the defendant, (2) a breach of that duty by the defendant, and (3) damages proximately resulting from the breach of duty."); *King v. J.C. Penney Co.*, 238 S.C. 336, 339, 120 S.E.2d 229, 230 (1961) ("In [South Carolina] it is well settled that the burden rests upon the party to prove negligence."); *Singleton*, 377 S.C. at 199, 659 S.E.2d at 203 (finding an individual "who enters onto the property of another by express or implied invitation, [whose] entry is connected with the owner's business or with an activity the owner conducts or permits to be conducted on his land" is an invitee when "there is a mutuality of benefit or a benefit to the owner" (quoting *Sims v. Giles*, 343 S.C. 708, 716-17, 541 S.E.2d 857, 862 (Ct. App. 2001)); *id.* at 202, 659 S.E.2d at 205 ("Generally, the owner of property owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from the breach of such duty."); *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 729 (2001) (stating that to recover damages for injury on a storekeeper's premises caused by a dangerous condition, the plaintiff must demonstrate either "(1) that the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it"); *Garrison v. Target Corp.*, 435 S.C. 566, 577, 869 S.E.2d 797, 804 (2022) ("A storekeeper 'will be charged with constructive notice whenever it appears that the condition has existed for such length of time prior to the injury that, under existing circumstances, he should have discovered and remedied it in the exercise of due care[.]'" (alteration in original) (quoting *Anderson v. Winn-Dixie Greenville, Inc.*, 257 S.C. 75, 77, 184 S.E.2d 77, 77 (1971))); *id.* at 577-78, 869 S.E.2d at 804 ("However, '[t]he jury should not be permitted to speculate that [a dangerous condition has existed] for such a length of time as to infer that [the] defendant was negligent in failing to detect and remove it.'" (alteration in original) (quoting *Wimberly v. Winn-Dixie Greenville, Inc.*, 252 S.C. 117, 122, 165 S.E.2d 627, 629 (1969))).

We further hold the trial court's ruling that Barnyard is not vicariously liable is abandoned on appeal because Lockett did not appeal this ruling. *See Lindsay v. Lindsay*, 328 S.C. 329, 338, 491 S.E.2d 583, 588 (Ct. App. 1997) ("It is a fundamental rule of law that an appellate court will affirm a ruling by a lower court if the offended party does not challenge that ruling."); *id.* ("Failure to challenge the ruling 'is an abandonment of the issue and precludes consideration on appeal.'" (quoting *Biales v. Young*, 315 S.C. 166, 168, 432 S.E.2d 482, 484 (1993))).

**AFFIRMED.**[3]

**KONDUROS, MCDONALD, and VINSON, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.